**CRUMMER CO. et al. v. DU PONT et al.**

**No. 13702.**

United States Court of Appeals
Fifth Circuit.

May 2, 1952.

Robert J. Pleus, Orlando, Fla., Francis P. Whitehair, DeLand, Fla., Joseph P. Lea, Jr., Orlando, Fla., Chris Dixie, Houston, Tex., for appellants.

Charles R. Scott, Henry P. Adair, Jacksonville, Fla., Ralph M. McLane, Tallahassee, Fla., H. M. Voorhis, Orlando, Fla., Richard W. Ervin, Tallahassee, Fla., McCarthy Crenshaw, Jacksonville, Fla., Donald Russell, Spartanburg, S. C., Clyde W. Atkinson, Tallahassee, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

The Crummer Company and predecessor, R. E. Crummer and Company, brought this antitrust suit in the United States District Court for the Southern District of Florida, Orlando Division, against eighteen named defendants to recover treble damages for an alleged conspiracy to monopolize interstate trade in defaulted Florida municipal securities and the refunding thereof. The Attorney General of the State of Florida petitioned the District Court for leave to appear as attorney on behalf of three defendants.[1] While such petition was pending and with leave of the Court, the Attorney General invoked the discretionary powers[2] of the District Judge under section 1404(a), Title 28, United States Code,[3] by filing a motion to transfer the cause to the United States District Court for the Northern District of Florida, Tallahassee Division. Thereafter, all of the defendants,[4] save two,[5] either joined in and adopted the

---

1. Walter P. Fuller, S. Wallace Shafer, and Archie Clement.

2. For decisions interpreting the section see Amalgamated Association of Street, Electric Railway and Motor Coach Employees v. Southern Bus Lines, 5 Cir., 172 F.2d 946; Jiffy Lubricator Co. v. Stewart-Warner Corporation, 4 Cir., 177 F.2d 360; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329.

3. Title 28, United States Code, Section 1404(a) reads as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

4. Two of the defendants, Edward Ball and St. Joe Paper Company, are residents of the Northern District of Florida.

Six of the defendants, Jessie Ball duPont, Roger Main, Florida National Bank of Jacksonville, Clyde C. Pierce, Clyde C. Pierce Corporation and Cummer Sons Cypress Company, are residents of the Southern District of Florida, Jacksonville Division.

Five of the defendants, Edward J. Mansfield, Walter P. Fuller, S. Wallace Shafer, Archie Clement and Walter P. Gall, are residents of the Southern District of Florida, Tampa Division.

Four of the defendants, Howard B. Wheeler, Paul L. Pierce, Loomis C. Leedy and Leedy-Wheeler-Alleman, Inc., are residents of the Southern District of Florida, Orlando Division.

Elbert Dent, a trustee of the duPont estate, is a resident of Pennsylvania.

5. These two defendants, neither of which objected to the transfer, are: Edward J. Mansfield, a retired post office inspector who is represented by United States Government counsel; the other, Cummer

motion as their own or made similar motions to transfer.

The cause came on to be heard upon the motion to transfer and after considering affidavits submitted by the respective parties and hearing the arguments of counsel, the District Judge made extensive findings of fact and concluded that the convenience of the parties and witness and the interests of justice impelled the granting of the motion to transfer and an order was entered transferring the cause.

Thereafter the plaintiffs filed in this court a motion for leave to file a petition for writ of mandamus directed to the Honorable William J. Barker, United States District Judge for the Southern District of Florida, attaching as exhibits to the motion and petition copies of all appropriate proceedings below. The petition prayed that this court issue its order to show cause why the order of transfer should not be vacated and set aside and that upon final hearing the petition should be granted and writ issued directing Judge Barker to vacate and set aside the order. After oral argument and upon full consideration of the proceedings below, this court entered its order denying the motion for leave to file a petition for writ of mandamus. Implicit in this order is the finding that the District Judge did not abuse his discretion.

Having failed to secure relief in this court by mandamus, the appellants perfected this appeal, again seeking a review of the order of transfer. In response, the appellees filed a motion to dismiss the appeal and that motion is now pending for disposition.

It is clear that the transfer order, being interlocutory and not falling within one of the exceptions provided by statute,[6] is not appealable. Jiffy Lubricator Co., Inc., v. Stewart-Warner Corporation, 4 Cir., 177 F.2d 360; Magnetic Engineering & Manufacturing Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766; Shapiro v. Sons Cypress Company, a resident of the Southern District of Florida, Jacksonville Division.

Bonanza Hotel Co., 9 Cir., 185 F.2d 777; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111; Clinton Foods v. United States, 4 Cir., 188 F.2d 289. Therefore, the appeal must be and the same is dismissed.

6. See 28 U.S.C. §§ 1291 and 1292.