CHAS. PFIZER & CO., Inc.,
v.
OLIN MATHIESON CHEMICAL CORPORATION.

CHAS. PFIZER & CO., Inc.,
v.
The UPJOHN COMPANY.

CHAS. PFIZER & CO., Inc.,
v.
BRISTOL LABORATORIES, Inc.
Civ. A. Nos. 5082, 5083, 5084.

United States District Court
N. D. Georgia, Atlanta Division.
March 17, 1955.

Ernest P. Rogers, Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga., Arthur G. Connolly, Connolly, Cooch & Bove, Wilmington, Del., for plaintiff.

Robert B. Troutman, Griffin B. Bell, Spalding, Sibley, Troutman & Kelley, Atlanta, Ga., Charles H. Walker, Henry J. Zafian, Fish, Richardson & Neave, New York City, Charles J. Merriam, Chicago, Ill., for defendants.

SLOAN, District Judge.

The plaintiff, Pfizer (by assignment from Lloyd H. Conover, patentee), is the owner of United States Patent No. 2,699,054 issued January 11, 1955, which contains claims to tetracycline, its salts, and antibiotic compositions containing the products.

These three actions were filed on the day the patent issued, and they charge the defendants with having infringed the patent. They charge the defendants with having manufactured and sold tetracycline and with threatening to continue to do so in violation of plaintiff's rights under its patent.

Plaintiff requests, inter alia, an injunction against future infringement of its patent and an award of damages for defendants' violation of its patent rights.

The defendant, Bristol Laboratories, Inc., a New York corporation, is the only one of the defendants that manufactures tetracycline and this is done at its plant at Syracuse, New York.

The defendant, Olin Mathieson Corporation is a Virginia corporation, while the defendant, The Upjohn Company, is a Michigan corporation, and each of these defendants are qualified to do business in most of the states of the Union, including New York, and neither of these defendants manufacture tetracycline, but it is not disputed that they purchase it from Bristol Laboratories, Inc., package and sell it.

On January 25, 1955, each defendant filed a complaint against Pfizer in the United States District Court for the Southern District of New York seeking a declaratory judgment that no valid claims of the Pfizer patent has been or is being infringed by defendants.

The defendants without making answer, file motions to dismiss the complaints in this Court for lack of jurisdiction, or alternatively, to transfer or stay the cases here.

The motion to dismiss for lack of jurisdiction is on the ground that no cause of action based on the patent existed at the time the complaints were filed. This motion is predicated upon the proposition that in computing the time that the patent is to run (17 years), the day of its grant is not to be included and therefore that the patent was not in effect on the day it was issued and consequently not in effect at the time of the filing of the complaint.

If the motions to dismiss should be denied, each defendant then asks for an

order pursuant to 28 U.S.C. § 1404 transferring the complaint against it, for the convenience of the parties and witnesses, and in the interest of justice, to the United States District Court for the Southern District of New York for consolidation with the pending actions there brought by defendants against plaintiff involving the same issues as those tendered by the complaints in the actions here pending.

If neither of the foregoing motions are granted, each defendant asks for an order staying these actions for the convenience of the parties and witnesses, and in the interest of justice, pending the adjudication of the declaratory judgment action in the United States District Court for the Southern District of New York.

In support of these motions defendants present an affidavit of Honorable Charles H. Walker to which affidavit is attached the following exhibits:

"A.   Copy   of   Patent   No. 2,699,054.

B.   Patent Office file of Conover application.

C.   Copy of telegram from the office of the Secretary of State of New York.

D.   Map showing central location of New York with respect to the sources of proof.

E.   Complaint filed by Bristol Laboratories, Inc., against Pfizer in the United States District Court for the Southern District of New York.

F.   Notice of taking depositions.

G.   Letter to Arthur B. Connolly."

This Court issued a show cause order requiring plaintiff to show cause in Atlanta, Georgia on March 14, 1955 why the motions should not be granted. Pending the motions the deposition of Lloyd H. Conover, the patentee in the patent here involved, was taken and is now of record in the cases.

In opposition to these motions in each case, the plaintiff files affidavits of Honorable Arthur B. Connolly, Honorable Paul S. Bolger and Honorable Ernest P. Rogers, and at the same time plaintiff files a motion for preliminary injunction enjoining the defendants from prosecuting the declaratory judgment action now pending in the United States District Court for the Southern District of New York.

The motions came on to be heard by this Court in Atlanta, Georgia on March 15, 1955, and after the filing of briefs and written arguments, oral arguments were heard and the motions are now before the Court for determination.

From the briefs and arguments (no answers having been filed), it appears that the principal issue in the cases is the validity of the patent, this issue involving the questions of whether the subject matter of the patent is new, whether it involves patentable invention and whether the patentee was in fact the first inventor. There is also the question of infringement involving the scope of the patent if valid and its applicability to activities and products of defendants.

Upon a trial, in determining whether patentable invention is involved, it will require examination of the history of the art with which the patent is concerned, both before and after the making of the invention.

It appears without dispute that four concerns are known to have engaged in development work in connection with the product tetracycline and that each of them has at some time claimed priority of discovery for its employees. These concerns are: (1) Chas. Pfizer & Co., Inc., (2) Bristol Laboratories, Inc., (3) Lederle Laboratories Division of American Cyanamid Co. (hereinafter called "Lederle") and (4) Heyden Chemical Corporation (hereinafter called "Heyden").

Defendants insist and the Court finds that an examination of the history of the development of the art to which the patent relates, and a determination of priority, will involve an examination of research workers of these four companies, their respective applicants for

patents, and others having knowledge of their activities.

Defendants name and give the addresses of employees of these companies who are alleged to have participated in or to be familiar with developmental and research activities with respect to tetracycline, as follows:

Thirteen (13) employees of Pfizer located in or around New York City.

Eleven (11) employees of Lederle located in or around New York City.

Five (5) employees of Heyden located in or around New York City.

Seven (7) employees of Bristol Laboratories, Inc., located in or near Syracuse, New York, where the manufacturing plant is located, six hundred miles and seven hours travel time, North of New York City.

Plaintiff, Pfizer, in qualifying to do business in New York, designated 120 Broadway in New York City, in the Southern District of New York, as the location of its principal office in that State. Pfizer has an office and manufacturing plant in Brooklyn, New York, Groton, Connecticut, and Terre Haute, Indiana. The Brooklyn plant is thirty minutes travel from the United States District Court House in New York City, while its Groton plant is 150 miles from New York City, two and one-half hours by train. It appears that Pfizer's work on tetracycline took place at its Brooklyn and Groton plants.

Lederle has its main office at 30 Rockefeller Plaza, New York City, and its main research laboratories at Pearl River, New York, in the Southern District of New York, about 25 miles from New York City.

Heyden has its laboratory located in Princeton, New Jersey, 70 miles from New York City.

Employees of Lederle, who is licensed by Pfizer under the patent in suit, could not be compelled to attend a trial at Atlanta, Georgia, but could be so compelled in New York.

The attendance of the employees of Heyden as witnesses could not be compelled at Atlanta, Georgia, but could be so compelled in New York.

Defendants could not compel employees of Pfizer to attend a trial at Atlanta, Georgia, but could compel the attendance of such employees located at its New York office and plant, or located within one hundred miles of the Court House of the Southern District of New York.

The defendant, Bristol Laboratories, Inc., has its manufacturing plant in Syracuse, New York, and it will be necessary for many of its officials and employees to attend the trial of the case. This can be done in New York without serious interruption, but a trial in Atlanta, Georgia would cause serious interruption of its business.

It does not appear that there is a party or witness in the cases located within 800 miles of Atlanta, Georgia.

Atlanta, Georgia is remote from sources of proof, while New York City is centrally located with respect to sources of proof.

The plaintiffs insist that a transfer of these cases to the Southern District of New York would not be in the interest of justice because the calendar of the Court there is congested and that it would not be possible to obtain a prompt trial.

It is true that the calendar of that Court is congested, yet that Court may consolidate these cases with the declaratory judgment action pending there under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C., and advance the cases on the calendar as the Court finds the circumstances may require.

Many important witnesses can not be compelled to be present at a trial in Atlanta, Georgia. The attendance of such witnesses at a trial in Atlanta would involve substantial interruption of their work and large expense.

The Court is not unmindful of the consideration that should be given to the plaintiff's choice of forum. However, the Court is convinced that under the facts in these cases it would serve the convenience of the parties and witnesses and would be in the interest of justice

to transfer these cases from the United States District Court for the Northern District of Georgia to the United States District Court for the Southern District of New York, and it is so ordered.

Let a copy of these findings and of this order be filed in each case.