CHAS. PFIZER & CO., Inc.,

v.

OLIN MATHIESON CHEMICAL CORPORATION.

CHAS. PFIZER & CO., Inc.

v.

The UPJOHN COMPANY.

CHAS. PFIZER & CO., Inc.

v.

BRISTOL LABORATORIES, Inc.

Nos. 15552–15554.

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1955.

Ernest P. Rogers, Thomas C. Shelton, Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga. (Arthur G. Connolly, Thomas Cooch, Connolly, Cooch &

Bove, Wilmington, Del., of counsel), for appellant-petitioner.

Robert B. Troutman, Griffin B. Bell, Atlanta, Ga., Raymond F. Adams, New York City, Spalding, Sibley, Troutman & Kelley, Atlanta, Ga. (Roger T. McLean, Adams, Forward & McLean, New York City, of counsel), for Olin Mathieson Chemical Corp.

Robert B. Troutman, Griffin B. Bell, Atlanta, Ga., Charles J. Merriam, Chicago, Ill., Spalding, Sibley, Troutman & Kelley, Atlanta, Ga. (Merriam & Lorch, Chicago, Ill., of counsel), for Upjohn Co.

Robert B. Troutman, Griffin B. Bell, Atlanta, Ga., Charles H. Walker, New York City, Spalding, Sibley, Troutman & Kelley, Atlanta, Ga. (Henry J. Zafian, Fish, Richardson & Neave, New York City, of counsel), for Bristol Laboratories, Inc.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and CHRISTEN-BERRY, District Judge.

JONES, Circuit Judge.

Lloyd H. Conover made application for a patent on an antibiotic entitled Tetracycline. He made an assignment to Chas. Pfizer & Co., Inc., herein called Pfizer. Patent No. 2,699,054 was issued on January 11, 1955. On the same day Pfizer brought three suits in the Atlanta Division of the United States District Court for the Southern District of Georgia alleging infringement of the patent and praying for injunctions, damages, attorneys' fees, and general relief. Pfizer is a Delaware corporation with its principal office in New York City, New York. It has manufacturing plants in Brooklyn, New York, Groton, Connecticut, and Vigo, Indiana. The infringement suits were brought against (1) Olin Mathieson Chemical Corporation, a Virginia corporation; (2) the Upjohn Company, a Michigan corporation; and (3) Bristol Laboratories Inc., a New York corporation. Each defendant, as well as Pfizer, has an office in New York and in many other states of the Union.

Each of the defendants, on January 25, 1955, brought suit against Pfizer in the United States District Court for the Southern District of New York seeking a declaratory judgment that it had not infringed any valid claim of the Pfizer patent. Each defendant filed in the Atlanta Court a motion seeking, in the alternative, (a) the dismissal of the complaint, (b) a transfer to the Southern District of New York, or (c) a stay pending a determination in New York of the suit for declaratory judgment. Pfizer countered in each of the Atlanta cases with a motion for a preliminary injunction to restrain the defendants from prosecuting their actions in New York. Affidavits were filed on behalf of all of the parties.

The motions were heard by Judge Boyd Sloan to whom this Court is indebted for a succinct statement of the facts and the issues before him as reported in 131 F.Supp. 21. By the District Court's order the Atlanta cases were transferred to the Southern District of New York under 28 U.S.C.A. § 1404(a). There was no ruling upon the Pfizer motion to enjoin the prosecution of the New York actions.

Pfizer appeals and on appeal contends that the defendants failed to make the showing required for a transfer under § 1404(a); and that the Court should have enjoined the prosecution of the New York actions.

In Crummer Co. v. DuPont, 5 Cir., 1952, 196 F.2d 468, certiorari denied 344 U.S. 851, 856, 73 S.Ct. 91, 97, 97 L.Ed. 662, 665, this Court held that an order made pursuant to § 1404(a) transferring a cause to another District Court was interlocutory and not appealable. Pfizer seeks to avoid the impact of this precedent by urging that the order of the District Court denied the injunctive relief it sought. If, says Pfizer, we regard the appeals as being from orders denying applications for injunctions, we may consider such appeals and with them the incidence of transfer. The answer to this is that the District Court did not

make any order upon Pfizer's motions for injunctions, nor was there any occasion to do so. Such motions remain a part of the causes as transferred to the New York Court.

The appeals from the orders transferring the actions, respectively, are dismissed.

Argued before us at the same time as the above considered appeals was a motion of Pfizer for leave to file a petition for a Writ of Mandamus in a proceeding entitled Ex parte Chas. Pfizer & Co., Inc., 225 F.2d 720. This has been disposed of by a separate opinion filed this day.