228 F.2d 412
 JUNG WAI MOOK, by Lew Fung Yow, his next friend, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.
JUNG BAY NUI and Jung Bay Kow, by Lew Fung Yow, their next friend, Appellants,
v.
Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.
 No. 14233.
 United States Court of Appeals Ninth Circuit.
 December 7, 1955.
 
 William E. Cornell, Brennan & Cornell, Los Angeles, Cal., for appellants.
 Laughlin E. Waters, U. S. Atty., Max F. Deutz, James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.
 Before MATHEWS and FEE, Circuit Judges, and FOLEY, District Judge.
 PER CURIAM.
 
 
 1
 Jung Wai Mook brought an action for a judgment declaring him to be a national of the United States. Jung Bay Nui and Jung Bay Kow brought an action for a judgment declaring them to be nationals of the United States. The actions were brought against James P. McGranery, Attorney General of the United States,[1] under 8 U.S.C.A. § 903.[2] They could have been brought in the District Court for the District of Columbia or in the district court for the district in which Mook, Nui and Kow claimed a permanent residence.[3] Actually, they were brought in the District Court for the Southern District of California. There they were consolidated for trial. However, the only issue tried was whether Mook, Nui and Kow claimed a permanent residence in the Southern District of California. The District Court for that district found that none of them claimed such a residence, thus, in effect, finding that venue was laid in the wrong district. Accordingly, pursuant to 28 U.S.C.A. § 1406(a), that court ordered the actions transferred to the District Court for the District of Columbia. From these orders Mook, Nui and Kow have appealed. These orders were not final decisions, within the meaning of 28 U.S.C.A. § 1291, and were not appealable.[4]
 
 
 2
 Appeals dismissed.
 
 
 
 Notes:
 
 
 [1]
 McGranery's successor, Herbert Brownell, Jr., was substituted for McGranery on May 28, 1953
 
 
 [2]
 Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, these actions, having been brought before December 24, 1952, were not affected by the repeal. See § 405 of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 note. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503
 
 
 [3]
 See 8 U.S.C.A. § 903
 
 
 [4]
 Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866; Arrowhead Co. v. The Aimee Lykes, 2 Cir., 193 F.2d 83; Crummer Co. v. Du Pont, 5 Cir., 196 F.2d 468