Ex parte **UNDERWRITERS AT LLOYD'S LONDON** and/or **Companies,**

**Motion for Leave to File Petition for Mandamus and Prohibition.**

**GULF SHIPSIDE STORAGE CORPORATION,** Appellant,

v.

**UNDERWRITERS AT LLOYD'S LONDON** and/or **Companies, and Schwabach and Company,** Appellees.

**Nos. 17935 and 17971.**

United States Court of Appeals
Fifth Circuit.

March 31, 1960.

Rehearing Denied in No. 17971
May 6, 1960.

No. 17935:

Eberhard P. Deutsch, Malcolm W. Monroe, New Orleans, La., John J. Killea, New York City, for appellant. Deutsch, Kerrigan & Stiles, Mendes & Mount, New Orleans, La., of counsel.

Ralph N. Jackson, New Orleans, La., for appellee.

No. 17971:

Sidney W. Provensal, New Orleans, La., for appellant.

Ralph N. Jackson, Eberhard P. Deutsch, Malcolm W. Monroe, New Orleans, La., John J. Killea, New York City, Monroe & Lemann, Nigel E. Rafferty, New Orleans, La., for appellee. Julian H. Good, Atty., Deutsch, Kerrigan & Stiles, Mendes & Mount, New Orleans, La., of counsel.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

PER CURIAM.

Schwabach & Company sued Gulf Shipside Storage Corporation and, under the Louisiana direct action statute,[1] certain underwriters of insurance for damages allegedly resulting from Gulf Shipside's failure properly to store and handle Schwabach's cotton. The cotton had been delivered to Gulf Shipside "commencing on or about July 18, 1956." The liability insurers first sued denied any coverage earlier than November 29, 1956, the earliest date on which, in any event, their policies could have been effective.

Schwabach then filed a supplemental complaint naming as additional defendants "Underwriters at Lloyds, London, and/or Companies signatories to, as underwriters thereof, a certain policy or policies of liability insurance" numbered WA–1994 and issued on January 11, 1956, by J. K. Seear (USA) Ltd., insurance brokers. Certain attorneys appeared and filed an answer to the supplemental complaint in which they denied the court's jurisdiction over any parties defendant; denied that any underwriter at Lloyd's or Companies had "ever signed, bound or otherwise committed himself or itself, for the coverage purportedly represented by Certificate No. WA–1994"; and averred that, in any event, the certificate itself was "cancelled, rescinded and/or withdrawn *ab initio* by Seear (USA)" in February 1956, by notice to Adrien Bodet, Gulf Shipside's insurance broker, months before the damage in suit occurred.

Subsequently, Gulf Shipside filed a cross-claim under Certificate WA–1994 against "defendant Underwriters at Lloyd's London and/or Companies," demanding that they "defend (Gulf Shipside) at their cost" in this proceeding. The same defenses, contained in the answer to the supplemental complaint, were urged to the cross-claim.

A separate trial was held on the issue of coverage under Certificate WA–1994, at the conclusion of which the district court filed its opinion that, "assuming (but not deciding) that Certificate No. WA–1994 was validly issued, apparently or otherwise, the risk thereunder was validly terminated" by Seear (USA)'s February 1956 notice to Mr. Bodet, because "Bodet was Gulf's agent in general charge of its insurance problems and notice to and acceptance by him of the no coverage advice, not only binds the principal, but complies with the formality for cancellation of insurance as required by LSA–R.S. 22:636, subd. A (1)."[2]

From the judgment or order entered pursuant to that opinion, an appeal was permitted under the Interlocutory Appeals Act,[3] and it was further ordered that the motion for leave to file petition for writs of mandamus and prohibition be heard at the same time as said appeal.

The full and excellent opinion of the district court cited in footnote 2, supra, relieves us of the necessity for a detailed statement of the facts and issues. We find ourselves in general agreement with that opinion, but with certain important exceptions which require a somewhat different decision.

There was no evidence that any underwriter at Lloyd's or any Company had ever accepted, or otherwise committed itself for, the risk described in Certificate WA–1994. There was a complete lack of evidence to prove that J. K. Seear (USA), Ltd. had any authority, either actual or apparent, to bind any individual underwriter at Lloyd's or any Company on the risk identified in the said certificate. No premium for the coverage was ever remitted to any underwriter at Lloyd's or to any Company sought to be

1. LSA–R.S. 22:655.

2. The district court's opinion is reported as Schwabach & Company v. Gulf Shipside Storage Corp., D.C.E.D.La.1959, 173 F.Supp. 105, 109, 110.

3. 28 U.S.C.A. § 1292(b).

made a defendant to the supplemental complaint. Certificate WA–1994 actually amounted to no more than a broker's certificate. It created an obligation on the part of J. K. Seear (USA), Ltd., but it alone could not bind an underwriter or company which had not committed itself for the risk described.

The district court never did acquire jurisdiction over any identifiable defendant to the supplemental complaint or to the cross-claim under Certificate WA–1994. Its judgment is therefore reversed, and the cause remanded with directions to dismiss said supplemental complaint and cross-claim for lack of jurisdiction. Costs of appeal are taxed against the appellant.

The issues having been thus decided, there is no necessity for the filing of the petition for mandamus and prohibition.

Leave denied, reversed with directions.