**In re HUMBLE OIL & REFINING COMPANY, Petitioner.**

**No. 19802.**

United States Court of Appeals
Fifth Circuit.

July 19, 1962.

Richard H. Brown, Jr., New York City, Joseph Newton, Houston, Tex., Kirlin, Campbell & Keating, New York City, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for petitioner Humble Oil & Refining Co.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Leave is sought to file a petition for writ of mandamus against Judge Ingraham, United States District Judge, Southern District of Texas, 28 U.S.C.A. § 1651(a), requiring him to transfer a limitation of liability proceeding, 46 U. S.C.A. § 183 et seq.; Admiralty Rules 51–54, 28 U.S.C.A., from Texas to Louisiana under 28 U.S.C.A. § 1404 and Admiralty Rule 54 because of the pendency there of other major litigation growing out of a single maritime occurrence.

While we think a very substantial case may well be made out in support of a transfer under Rule 54 which provides that the District Court "may, in its discretion, transfer the proceedings to any district for the convenience of the parties * * *," we think it inappropriate, or at least premature, that this be determined in the context of a mandamus proceeding with all of its inescapable peremptory overtones at least until such time

as it is finally determined that there is no other way for us to review the denial of transfer. Thus, while the District Court in this case has previously declined to certify the appeal under 28 U.S.C.A. § 1292(b), we have many times held that the matter is still in the bosom of the Court, and the parties are free to resubmit the matter to the District Court at which time the Court might reconsider either the decision on the merits, or the desirability of certifying it as an interlocutory appeal under § 1292(b). Hadjipateras v. Pacifica, S.A., 5 Cir., 1961, 290 F.2d 697, 701; Ex parte Deepwater Exploration Co., 5 Cir., 1958, 260 F.2d 546, on remand, Deepwater Exploration Co. v. Andrew Weir Ins. Co., D.C., 167 F.Supp. 185; Ex parte Watkins, 5 Cir., 1958, 260 F.2d 548, certification held inadequate, 5 Cir., 271 F.2d 771, 772; Jewell v. Grain Dealers Mutual Ins. Co., 5 Cir., 1959, 273 F.2d 422; Ex parte Underwriters at Lloyds London (Gulf Shipside Storage Corp. v. Underwriters at Lloyds London), 5 Cir., 1960, 276 F. 2d 209, 210, reversing, Schwabach & Co. v. Gulf Shipside Storage Corp., D.C., 173 F.Supp. 105. Transfers under § 1404 or under similar rules, such as Admiralty Rule 54, were, of course, one of the principal things back of the interlocutory appeal amendment. Continental Grain Co. v. Federal Barge Lines, 5 Cir., 1959, 268 F.2d 240, 1959 A.M.C. 2158, affirmed, Continental Grain Co. v. Barge F.B.L.–585, 1961, 361 U.S. 811, 80 S. Ct. 79, 4 L.Ed.2d 59, 1961 A.M.C. 1.

Under these circumstances, leave to file the petition for writ of mandamus is denied but without prejudice to the right of the parties to pursue steps leading to appeal under § 1292(b). Pending further determination of any such proceedings, the Court will retain jurisdiction of the present petition, and if such proceedings result in certification and allowance of an interlocutory appeal, appropriate orders will subsequently be entered to permit the use, where appropriate, of the briefs now on file.