**ACF INDUSTRIES, INCORPORATED, Petitioner,**

v.

**The Honorable Ernest GUINN, United States District Judge, Respondent.**

**No. 24613.**

United States Court of Appeals
Fifth Circuit.

Sept. 6, 1967.

Rehearing En Banc Denied
Oct. 9, 1967.

William J. Barnes, New York City, John A. Grambling, El Paso, Tex., John O. Tramontine, New York City, for petitioner.

John J. Watts, Odessa, Tex., Frank B. Pugsley, Houston, Tex., Clarence E. Keys, Monahans, Tex., for respondent.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

RIVES, Circuit Judge:

ACF Industries, Incorporated, petitions this Court for a writ of mandamus directing the Honorable Ernest Guinn, United States District Judge for the Western District of Texas, to vacate an order by him entered in Civil Action No. 2657, Victor Hecht and The Hecht Valve Company, Inc. v. ACF Industries, Incorporated, Chrysler Corporation and General Motors Corporation. The order (1) set aside a previous stay order entered by the Honorable Dorwin W. Suttle, another Judge of the same District Court, (2) overruled ACF Industries' *forum non conveniens* motion, and (3) overruled ACF's motion to dismiss for lack of venue. It was stipulated on oral argument that Respondent's brief filed April 11, 1967 should be treated as its answer to the petition for mandamus required by Fifth Circuit Rule 13a.

ACF, on behalf of two of its employees, and Victor Hecht, each separately submitted an application for a patent on the same or substantially the same carburetor valve. Inadvertently overlooking ACF's pending application, the Patent Office issued a patent to Hecht. The Patent Office thereafter declared an interference to determine which applicant should be awarded the patent.[1]

While the interference proceeding was pending, Hecht filed an action in the Western District of Texas against ACF and its customers, General Motors Corporation and Chrysler Corporation, alleging infringement of his patent.[2] Eleven days later, ACF filed a suit in the District of Kansas against Hecht, asking for a declaratory judgment that Hecht's patent was invalid and that therefore there was no infringement, and an injunction restraining Hecht and Hecht Valve Company[3] from bringing infringement actions against customers of ACF. Hecht and Hecht Valve Company counterclaimed, charging infringement of the Hecht patent.

ACF filed a motion to dismiss Hecht's Texas action for lack of venue and a *forum non conveniens* motion. This latter motion sought a transfer of the Texas action to the Eastern District of Missouri pursuant to 28 U.S.C.A. § 1404(a), or in the alternative a stay of the Texas action. On original hearing, Judge Suttle made no ruling on either the motion to dismiss or the motion to transfer. He did, however, stay all proceedings in the Texas action pending "determination of the liability issue, the validity of the patent, in other words, on the issue in that Kansas case."[4]

1. An interference is an administrative proceeding initiated by the commissioner pursuant to 35 U.S.C.A. § 135 to determine priority of invention as between two or more applicants. See Tennessee Valley Authority v. Monsanto Chemical Co., 5 Cir. 1967, 383 F.2d 973; 2 Walker on Patents (Deller's ed.) § 189.

2. See 35 U.S.C.A. § 281.

3. Hecht is a resident of Haysville, Kansas. Hecht Valve Company, a Kansas corporation having its sole place of business in Haysville, manufactures carburetor valves as the exclusive licensee under Hecht's patent.

4. Judge Suttle determined that the convenience of the parties, the residences of the principal witnesses, and the interest of justice suggested that the issues should be decided in Kansas. Judge Suttle was particularly impressed with the fact that Hecht, the plaintiff in the Texas action, was from Kansas. ACF, a

Subsequently, the Patent Office decided the interference, awarding priority of one claim to Hecht and priority of another claim to ACF. ACF then filed a civil action in the District of Kansas against Hecht and the Hecht Valve Company to review the Patent Office's award to Hecht on one of the claims.[5] Hecht and Hecht Valve Company cross-claimed, asking for review of the award to ACF. This second civil action was consolidated with the first action filed by ACF.[6]

After this consolidation, Hecht moved in the Texas court to vacate the stay order. Judge Suttle in denying the motion noted that Hecht had been forum shopping and there were "no known witnesses in Texas in this case."

Six months after this ruling by Judge Suttle, The Honorable Ernest Guinn took the oath of office as a United States District Judge for the Western District of Texas. Judge Guinn took over the civil docket for the district court. Hecht presented to Judge Guinn a motion to set aside Judge Suttle's stay order. After a hearing, Judge Guinn granted the motion and set aside the stay order. In a later order, Judge Guinn denied ACF's motion to dismiss for lack of venue or to transfer pursuant to § 1404(a).

Desiring to take advantage of 28 U.S. C.A. § 1292(b), ACF requested Judge Guinn to amend his order to indicate the advisability of an immediate appeal of an otherwise nonappealable interlocutory order.[7] Judge Guinn denied this request, and ACF filed its petition for writ of mandamus.

A mandamus should be issued by an appellate court "in the exceptional case where there is a clear abuse of discretion or 'usurpation of judicial power.'" Bankers Life and Casualty Co. v. Holland, 1953, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106; La Buy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290.[8] Our primary concern, therefore, is to determine whether *vel non* Judge Guinn abused his discretion in setting aside the order staying the Texas proceedings pending the outcome of the Kansas action. We hold that he did and grant the writ.[9]

The petition for mandamus seeks rulings on several issues. In substance, we are asked to hold either (1) that Judge Guinn abused his discretion in vacating the order entered by Judge Suttle since there was no change in circumstances warranting such vacation; or (2) that, irrespective of the propriety of one dis-

---

New Jersey corporation having its principal place of business in New York, New York, manufactures carburetors and carburetor valve assemblies solely at its Carter Carburetor Division which has its only plant and place of business in St. Louis, Missouri.

5. See 35 U.S.C.A. § 146.

6. The Kansas district court denied without prejudice a motion by Hecht to stay proceedings pending the outcome of the Texas action. The court also refused to dismiss the Kansas actions for lack of jurisdiction. We agree with the Kansas district court that the Kansas actions were not subject to dismissal on the ground that the claims should have been filed in the Texas infringement action as compulsory counterclaims under Rule 13(a), Fed.R.Civ.P. See Bellmore Sales Corporation v. Winfield Drug Stores, Inc., S.D.N.Y.1960, 187 F.Supp. 161, 162; Local Union 499 v. Iowa Power & Light Co., S.D.Iowa, 1964, 224

F.Supp. 731, 738; 1A Barron & Holtzoff, Federal Practice & Procedure, § 394.1, p. 584 et seq.; see also Rule 82 Fed.R.Civ.P.

7. See In re Humble Oil & Refining Co., 5 Cir. 1962, 306 F.2d 567.

8. See 28 U.S.C.A. § 1651.

9. A writ of mandamus may be issued to vacate orders denying transfer motions, Minnesota Mining & Manufacturing Co. v. Platt, 7 Cir. 1965, 345 F.2d 681; Chicago, Rock Island & Pacific RR Co. v. Igoe, 7 Cir. 1955, 220 F.2d 299; and to review a district court's grant or refusal of a stay of proceedings, Pet Milk Company v. Ritter, 10 Cir. 1963, 323 F.2d 586. See: Schlagenhauf v. Holder, U. S. District Judge for the Southern District of Indiana, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Beacon Theatres, Inc. v. Westover, U. S. District Judge, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

trict judge vacating the order of another district judge, Judge Guinn abused his discretion in not granting the petitioner's *forum non conveniens* motion to stay proceedings.[10]

■■ A stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery. Landis v. North American Co., 1936, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153.[11] In this case the stay was most appropriate, since the Kansas court was considering the Patent Office decision in the interference proceeding.[12] Further the parties and most of the principal witnesses resided in or near the Kansas district,[13] and the Kansas proceedings seemed more likely to reach a decision before the Texas court would conclude its findings. A stay order would surely avoid an unwanted and highly undesirable race by each party to obtain a decision from the particular district court reacting most favorably to its position. Cf. General Tire & Rubber Co. v. Watkins, 4 Cir. 1967, 373 F.2d 361.

We are not asked to order the transfer of the Texas action pursuant to 28 U.S. C.A. § 1404(a).[14] A stay order has virtually the same effect, and is granted for practically the same reasons that motivate a court in granting a transfer motion. Some of the cases dealing with section 1404(a) are, therefore, instructive.

The Supreme Court in Van Dusen v. Barrack, 1964, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945, stated: "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice."

In Koehring Company v. Hyde Construction Co., 5 Cir. 1963, 324 F.2d 295, this Court carefully considered the criteria to be considered in a motion for change of venue. We noted the residence of the witnesses, the convenience of the parties, and the opportunity of reaching a judgment without unnecessary delay. In the "interest of justice," we concluded that the cause should be transferred.[15]

Hecht will not lose his claim because of the stay order. He has counterclaimed in the Kansas action alleging infringement of his patent. Any relief he is entitled to can be granted by the Kansas court. See Chas. Pfizer & Co. v. Olin Mathieson Chemical Corp., N.D.Ga.1955, 131 F.Supp. 21, appeal dismissed, 5 Cir.

---

10. We are also requested to hold that Judge Guinn abused his discretion in denying ACF's motion to dismiss for lack of venue. We deny that request. The *forum non conveniens* motion requested a transfer of the proceedings pursuant to 28 U.S.C.A. § 1404(a) or a stay pending disposition of the Kansas action. The petition for mandamus urges only a stay of the Texas proceedings.

11. See also Ex parte Tokio Marine & Fire Ins. Co., Ltd., 5 Cir. 1963, 322 F.2d 113; Leesona Corp. v. Cotwool Mfg. Corp., 4 Cir. 1963, 315 F.2d 538. Cf. Amerada Petroleum Corp. v. Marshall, 5 Cir. 1967, 381 F.2d 661; Cessna Aircraft Co. v. Brown, 10 Cir. 1965, 348 F.2d 689.

12. A final judgment in the Kansas action reviewing the Patent Office decision will practically dispose of all but the damage issues in the Texas action. It is obvious that Hecht's right to his patent should be decided prior to deciding if there has been an infringement of the claims in his patent.

13. Judge Suttle's finding and the preliminary pretrial order of the Kansas court recognize that the predominant number of witnesses were from Wichita, Kansas, and St. Louis, Missouri. Neither party is from Texas and ACF has no intention of calling any witnesses who reside in Texas.

14. "§ 1404. *Change of venue*
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
Since a transfer is not requested, we need not determine if the Texas suit might have been brought in the Kansas court. See Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

15. See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Chicago, Rock Island & Pacific R.R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299.

1955, 225 F.2d 718; Ex parte Chas. Pfizer & Co., 5 Cir. 1955, 225 F.2d 720.[16]

 Judge Guinn indicated that since venue was proper in the Western District of Texas, he would not apply the doctrine of *forum non conveniens* by either staying the Texas proceedings or transferring the action to the Kansas district. That position completely overlooks the dictates of Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, the instructions of Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, and the intent of section 1404(a).[17] The "convenience of parties" and "the interest of justice" are to guide courts in applying the *forum non conveniens* doctrine. These factors also govern the use of a stay order. The fact that venue was proper in the Texas court does not permit these governing factors to be overlooked. On the contrary, section 1404(a) assumes proper venue and stay orders are permissible only when venue does exist.[18]

 We find no occasion to elaborate on the case law which has considered the problems involved when one district judge vacates or contradicts the decision of another district judge. See United States v. Koenig, 5 Cir. 1961, 290 F.2d 166; Prack v. Weissinger, 4 Cir. 1960, 276 F.2d 446. Writs of mandamus

may be issued if a judge abuses his discretion in vacating the order of another judge of the same court. Cf. Ex parte Tokio Marine & Fire Ins. Co., Ltd., 5 Cir. 1963, 322 F.2d 113; United States v. United States District Court, 8 Cir. 1953, 226 F.2d 238.[19] Such an abuse of discretion occurred here. There was no sufficient basis for Judge Guinn to vacate Judge Suttle's order. The circumstances existing at the time Judge Suttle denied Hecht's first motion to vacate the stay order were the same as the circumstances when Judge Guinn granted Hecht's second motion. Judge Guinn made no finding that Judge Suttle erred in granting his stay order.[20]

We are further convinced that Judge Guinn erred because we find that a stay order was needed. In determining if a judge abused his discretion, we must look at the correctness of his decision and the reasons for it.[21] In this case, we conclude that Judge Guinn's order was not proper and has no sufficient reason to support it. We hold both that Judge Guinn abused his discretion in vacating Judge Suttle's stay order, and that a stay order should be granted.

Let a Writ of Mandamus issue directing the Respondent (1) to vacate and set aside the order of December 16, 1966; and (2) to enter an order staying this cause

16. For other cases involving change of venue of patent infringement suits, see Clayton v. Warlick, 4 Cir. 1956, 232 F.2d 699; Rayco Manufacturing Co. v. Chicopee Manufacturing Co., S.D.N.Y.1957, 148 F.Supp. 588. Paragon-Revolute Corp. v. C. F. Pease Co., D.Del.1954, 120 F.Supp. 488.

17. See also Van Dusen v. Barrack, 1964, 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945.

18. If venue does not exist, the action should be dismissed or, if justice requires, transferred pursuant to 28 U.S.C.A. § 1406(a).

19. This Court has supervisory control over the district courts of this Circuit to insure proper judicial administration. La Buy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, reh. den., 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560. The All Writs Act, 28

U.S.C.A. § 1651(a), confers on this Court the power to issue writs of mandamus in exceptional circumstances. Cf. Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988. See also Thomas v. United States, 5 Cir. 1966, 368 F.2d 941, 947, n. 13 and n. 14.

20. See Dictograph Products Company v. Sonotone Corporation, 2 Cir. 1956, 230 F.2d 131; Cf. Castner v. First National Bank of Anchorage, 9 Cir. 1960, 278 F.2d 376; Ward v. Louisiana Wild Life and Fisheries Comm., E.D.La.1963, 224 F.Supp. 252, aff'd, 5 Cir. 1965, 347 F.2d 234.

21. Even if we discern some grounds for the judge's decision, we must decide whether those grounds outweigh the undesirability of setting aside a decision of another district judge.

pending the outcome of Civil Actions No. W–3222 and No. W–3558 pending in the District Court of Kansas.

Writ granted.

## ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25a, subpar. (b), the Petition for Rehearing En Banc is denied.