Gerald L. **WALLACE, d/b/a See All Tele-Tector of Southern Alabama, Inc.,** Plaintiff-Appellee,

v.

**NORMAN INDUSTRIES, INC., et al.,** Defendants-Appellants.

No. 72-2028

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1972.

Rehearing Denied Dec. 6, 1972.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Irwin C. Alter, Chicago, Ill., George W. Finkbohner, Jr., Mobile, Ala., Harold R. Ainsworth, New Orleans, La., Howell, Johnston, Langford & Finkbohner, Mobile, Ala., for defendants-appellants; J. Warren Whitesel, Phillip A. Weiss, Alter, Weiss & Whitesel, Chicago, Ill., of counsel.

David W. Green, William W. Stoudenmire, Mobile, Ala., for plaintiff-appellee; Pillans, Reams, Tappan, Wood, Roberts & Vollmer, Mobile, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge, and WISDOM and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

This is an appeal from the district court's decision denying appellants' motion to dismiss, stay, or transfer the pending action filed against them in

that Court. We dismiss the appeal for want of jurisdiction.

In August 1968, the parties to the present case entered into an agreement under which the appellee, Gerald Wallace, d/b/a See All Tele-Tector of Southern Alabama, Inc., purchased a franchise to sell and distribute theft deterrent equipment manufactured by Norman Industries, Inc., an Illinois corporation. A dispute subsequently arose concerning certain representations allegedly made by the agents and employees of Norman during the course of the negotiations for the franchise agreement. The parties engaged in prolonged settlement discussions in the later months of 1971. In August 1971, Wallace sent Norman a copy of a proposed complaint which he intended to file against Norman unless a settlement was reached. No progress was made, however, and soon thereafter Norman commenced an action for declaratory relief against Wallace in the District Court for the Northern District of Illinois. In its complaint, Norman requested a determination that it was not liable to Wallace for damages resulting from alleged violations of the antitrust laws, breach of warranty and fraudulent misrepresentation, breach of fiduciary duty, and violations of the Securities Act of 1934.

On November 22, 1971, Wallace responded by filing the complaint in the present case against Norman in the District Court for the Southern District of Alabama for damages and injunctive relief. Named as defendants in addition to Norman were Norman Kiven, Allan Stone, I. Peitchel, and Security Leasing Corporation, all of whom were alleged to have participated in the misrepresentations made to Wallace. The complaint included all the causes of action listed in the declaratory action filed in Illinois, but also sought relief for alleged violations of the Lanham Act, breach of contract, and injunctive relief against various other unfair practices.

Wallace next filed a motion in the district court in Illinois to dismiss the declaratory judgment action, and the district court granted that motion on March 17, 1972. Norman and the other appellants herein then filed a motion in the district court in Alabama to dismiss, transfer, or stay Wallace's action for damages and injunctive relief which was pending in that court. Specifically, the appellants moved to dismiss on the basis of defects in jurisdiction and venue, and alternatively, to transfer or stay the Alabama action pending the outcome of the appeal which Norman intended to file in the Illinois action. On March 27, 1972, the district court denied the motion, and the appellants then appealed that ruling to this Court.

■ At the outset, we are confronted with the contention that the district court's decision refusing to dismiss, transfer, or stay the action below is not an appealable order. The established rule, of course, is that denials of motions to dismiss,[1] transfer,[2] or stay[3] an action are not final judgments and are not appealable under § 1291. 28 U.S.C. In certain circumstances, however, an order granting or denying a stay may be appealable as an interlocutory order under 28 U.S.C. § 1292(a)(1); Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233. In the present case, the appellants contend that the district court's denial of a stay is equivalent to a denial of an injunction and thus appealable under § 1292(a)(1). We disagree.

■ The rule in this Circuit is that "[a]n order staying or refusing to stay

1. Catlin v. United States, 1945, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911.

2. Chas. Pfizer & Co. v. Olin Mathieson Chemical Corp., 5 Cir. 1955, 225 F.2d 718, 720; Crummer v. Du Pont, 5 Cir. 1952, 196 F.2d 468, cert. denied, 344 U.S. 856, 73 S.Ct. 91, 97 L.Ed. 665. *But see* Auerbach v. United States, 5 Cir. 1965, 347 F.2d 742 (Brown, J., dissenting).

3. Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233.

proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some equitable defense or counterclaim," Jackson Brewing Co. v. Clarke, 5 Cir. 1962, 303 F.2d 844, cert. denied 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124. See Caldwell & Sons, Inc. v. United States for Use and Ben. of John H. Moon & Sons, Inc., 5 Cir. 1969, 407 F.2d 21; Hart v. Orin Insurance Co., 10 Cir. 1970, 427 F.2d 528; American Safety Equipment Corp. v. J. P. Maguire & Co., 2 Cir. 1968, 391 F.2d 821; Carcich v. Redevi A/B Nordie, 2 Cir. 1968, 389 F. 2d 692; Standard Chlorine of Delaware, Inc. v. Leonard, 2 Cir. 1967, 384 F.2d 304; Day v. Pennsylvania Railroad Co., 3 Cir. 1957, 243 F.2d 485.[4]

■ Since the action in which the stay is requested is essentially one at law, it may be argued that the first requirement has been satisfied. It is also apparent, however, that the second requirement has not been satisfied. The purpose of the requested stay is to permit the declaratory judgment action in Illinois, and the appeal to be filed therein, to proceed until completion. A declaratory judgment action cannot be termed as either inherently at law or in equity. When classification has been required, courts have examined the basic

nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202. American Safety Equipment Corp. v. J. P. Maguire & Co., 2 Cir. 1968, 391 F.2d 821, 824. See, e. g., Simler v. Conner, 1963, 372 U.S. 221, 83 S.Ct. 609, 9 L. Ed.2d 691; Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988.

■ An examination of the issues in the declaratory judgment action clearly indicates that the causes of action were legal, not equitable. We therefore find that the stay was not sought to permit the prior determination of an equitable defense or counterclaim. For this reason, the district court's decision was not an interlocutory order appealable under § 1292(a)(1).

■ As a final matter, we readily concede that it is anomalous that the appealability of the order in this case should turn on an outmoded historical distinction. Thirty years after the supposed merger between the courts of equity and law, these ancient classifications continue to be determinative of important questions of appellate jurisdiction. As the Supreme Court held, however, we are bound by this rule until Congress chooses to adopt another one. Baltimore Contractors v. Bodinger, *supra*.

The appeal must be dismissed.

4. United States v. Baker Lockwood Manufacturing Co., Inc., 8 Cir. 1943, 138 F.2d 48, relied on by the appellants, was decided before the Supreme Court's decision in Baltimore Contractors v. Bodinger, *supra*, which established the present rule governing appealability of denials of stays. Furthermore, we note that to the extent *Baker Lockwood* may imply a rule contrary to the present one, it has never been followed or relied on by any court.