**WALCON CORPORATION, Plaintiff,**

v.

**D.J. MacKENZIE ASSOCIATES, INC., Commercial Union Insurance Co., M.G. Allen Associates, Inc., and Rumford Property & Liability Insurance Company, Defendants.**

Civ. No. 84–0249 P.

United States District Court, D. Maine.

Oct. 29, 1985.

Andrew A. Cadot, Perkins, Thompson, Hinckley & Keddy, Portland, Me., for plaintiff.

Thomas C. Newman, Murray Plumb & Murray, Peter J. DeTroy, III, Norman & Hanson, Portland, Me., Richard G. Cervizzi, Scarborough, Me., for defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY, FILED BY M.G. ALLEN AND ASSOCIATES, INC. AND COMMERCIAL UNION INSURANCE COMPANY

GENE CARTER, District Judge.

This matter is before the Court on the motion of M.G. Allen Associates, Inc. and Commercial Union Insurance Company to dismiss or, in the alternative, to stay proceedings in this matter in this Court pending the outcome of duplicative litigation now ongoing in the Superior Court in and for the County of Cumberland and State of Maine. After a review of written submissions of the parties, and having heard oral argument of counsel and reviewed the pleadings in both this and the state court action, this Court finds that to proceed with the present action in this Court will be a substantial duplication of effort and waste of judicial resources in view of the fact that there is left only a very narrow issue to be litigated in this case and that it is one of several issues which must be ultimately litigated in the pending state court case. Further, the result of an adjudication of the single issue now left before this Court will not, in all likelihood, result in any positive result to any party in this or the state court litigation until the conclusion of the state court proceeding, which seeks a full resolution of all issues among the various parties.

The Defendants seek by the motion to invoke this Court's inherent power to stay proceedings in the interests of judicial economy.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance ... a stay pending the outcome of the litigation in another court between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery.

*Aetna State Bank v. Altheimer*, 430 F.2d 750, at 755 (7th Cir.1970); *ACF Industries, Inc. v. Guinn*, 384 F.2d 15, at 19 (5th Cir.1967).

The Court can find absolutely no reason for its time to be consumed with the adjudication of a narrow issue that is part of a larger controversy already well underway in the course of litigation in the courts of the State of Maine, which will not in any event be dispositive of any ultimate pecuniary or other type of right of any party to the litigation in this Court. Furthermore, the waste of the parties' time, money and effort in adjudicating that narrow issue here in this Court is wholly unjustified. Certain of the parties have previously elected the forum of the State of Maine to resolve all of the questions in controversy.

There is no reason why they should not be left to abide the consequences of that choice of forum. No harm will be done, no unfairness is likely to accrue, and a useless burden will be lifted from both the parties and the Court by the staying of the litigation in this Court.

Accordingly, the motion of the Defendants to stay further proceedings herein pending final disposition of the matter of *D.J. MacKenzie and Associates, Inc. v. M.G. Allen and Associates, Inc., et al.*, No. CV–84–729, now pending in the Superior Court in and for the County of Cumberland and State of Maine, is hereby GRANTED. It is ORDERED that the parties herein will exercise their most diligent efforts to bring the pending state action to a conclusion by February 3, 1986, and shall file on said date a joint written report to this Court on their efforts and progress in respect thereto.

So ORDERED.