38,816-06

Texas Court of Criminal Appeals          March 23,2015
Attn: Mr. Abel Acosta, Court Clerk
P.O. Box 12308, Capitol Station
Austin, Texas 78711


RE: Ex Parte Richard Vera Rodriguez, Trial Cause No. 8114-B

Dear Clerk,

    Enclosed, please find Applicant's Motion for Leave of Court in
Order to File Motion for Stay of Proceedings. Applicant humbly
requests that, this Honorable Clerk please file Said Motion among
the above styled, and numbered cause, and perform the necessary
procedures to ensure that, a time, and date may be set for it's
hearing.

    Applicant sincerely appreciates this Honorable Clerk's
assistance regarding this urgent matter.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015

Abel Acosta, Clerk

Best Regards,
#1557396

Richard Vera Rodriguez TDCJ #1557396
Dalhart Unit
11950 Fm. 998
Dalhart, Texas 79022


MOTION DENIED
DATE: 4-1-15
BY: P.C.

Trial Cause No. 8114-B

| | | |
|---|---|---|
| Ex Parte | § | In the Texas Court of |
| Richard Vera Rodriguez | § | Criminal Appeals |
| | § | Austin, Texas |

Applicant's Motion for Leave of Court in Order to File

Motion for Stay of Proceedings

To the Justice(s) of Said Court:

Comes Now, Richard Vera Rodriguez T.D.C.J. #1557396, hereafter Applicant, Pro Se, and humbly requests Permission for Leave of Court in Order to File Applicant's Motion for Stay of Proceedings pursuant to the Texas Rules of Appellate Procedure, Rules 10.1, 10.2, and 52.10.

In support of Applicant's Motion Above, Applicant brings forth before this Honorable Court the following facts:

I.

On January 21,2015, Applicant submitted his Application for Writ of Habeas Corpus under the Texas Code of Criminal Procedure, Article 11.07. Thereafter, Applicant received conformation from the 222nd Judicial District Court that, Applicant's Writ of Habeas Corpus, Art. 11.07, had been received, and filed on January 23,2015.

II.

In accordance with the Tex. Code Crim. Proce. Art. 11.07(3)(b), Thereafter, the State has (15) days in which to repond to Applicant's Art. 11.07. Moreover, once the State does enter it's findings (Recommendations), to the trial court. The court clerk is <u>required to</u>

1

simultaneously provide Applicant with a copy of the State's findings (Recommendations), or motions the State may have filed with the trial court. Tex. Code Crim. Proce., Arts. 11.07(3)(b)(c), and 11.07(7).

## III.

In the present case, as this Honorable Court may have noticed Applicant's Writ of Habeas Corpus, Art. 11.07, was filed, and presented to the State on January 23,2015. From Said date Applicant counted (15) days which amounted to February 7,2015. Thereafter, Applicant allotted (5) days in which the U.S. Mail, and the prison mailroom could deliver to Applicant a copy of the State's findings (Recommendations), as required by the above State Statute. But, Applicant never received such crucial copy from the State.

## IV.

Clearly, when the Texas Legislators enacted the Tex. Code Crim. Proce., Arts. 11.07(b)(c), and 11.07(7). They formulated Said articles with the idea to preserve Applicant's Texas, and United States Constitutional Amendment Rights, Due Process of the Law, and Equal Protection Clause. But, as in the present case, when the State purposely fails to timely provide Applicant with a copy of it's findings (Recommendations). Then, the State's refusal to abide by the above Statutory Articles, this strips Applicant of his Texas, and U.S. Const. Amend. Rights, due process right, to timely submit Applicant's rebuttal to the State's findings (Recommendations). Before, the trial court determines it's findings of fact, and conclusions of law, and forwards them to the Texas Court of Criminal Appeals. T.C.C.P., Arts. 11.07(b)(c), and 11.07(7).

2

## V.

It is well established law that, the United States Constitution does not require the individual States to grant appeals as a Right to criminal defendants who seek review of alleged trial or appellate errors. Mckane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L. Ed.2d 65 (1894). However, if a State has created an appellate machinery, such as the Texas Rules of Appellate Procedure, Rule 25(a)(2), with all it's progeny. Which are governed by the T.C.C.P., Articles 11.07(3)(b)(c), 11.07(7), and 44.02, and all it's progeny. Then, the procedures employed in adjudicating appeals must satisfy the guarantees of the Due Process of the Law, and Equal Protection Clause of the Texas, and the United States Constitutions. Therefore, the State is required to strickly act within the Statutory requirements embodied in the above mentioned T.R.A.P., Rules, and T.C.C.P., Articles. The State's failure to abide by Said rules, and articles severely infringes upon Applicant's Texas, and U.S. Constitutional Amendment Rights.

## VI.

Therefore, Applicant humbly requests that, this Honorable Court please grant Applicant's foregoing motion, and remand this case back to the trial court, and Order the State to timely provide Applicant with a copy of it's findings (Recommendations), in order to coincide with Rule 25(a)(2), and Articles 11.07, and 44.02, and all their progeny. Moreover, to afford Applicant an opportunity to exercise his Due Process Right, and timely submit Applicant's rebuttal to the State's findings (Recommendations), so that, it may be timely considered by the 222nd Judicial District Court. In order to preserve

Applicant's Texas, and U.S. Constitutional Amendment Rights above as the Texas Legislators had originally intended.

Richard Vera Rodriguez TDCJ #1557396

## Prayer

Wherefore, All Things Considered, Applicant prays this Honorable Court grant Applicant's Motion for Leave of Court in Order to file Motion for Stay of Proceedings, and any other relief this court may find Applicant is entitled to. TRAP, Rule 52.10; Bayoil Supply and Trading v. Jorgen Jahre Shipping, 54 F.Supp.2d 691, 694 (S.D. Tex. 1999) citing Coastal (Bermuda) Ltd. v. F.W. Saybolt & Co., 761 F.2d 198, 203 n.6 (5th Cir. 1985); ACF Industries Inc v. Guinn, 384 F.2d 15, certiorari denied 88 S.Ct. 1039, 390 U.S. 949, 19 L.Ed.2d 1140. In order to preserve Applicant's Const. Amend. Rights.

Richard Vera Rodriguez TDCJ #1557396

## Inmate's Declaration

I, Richard Vera Rodriguez T.D.C.J. #1557396, declare under penalty of perjury that the foregoing motion is true, and correct. Executed on this the 23rd day of March, 2015, on the Dalhart Unit in Hartley County, Texas.

Richard Vera Rodriguez TDCJ #1557396

4

## Certificate of Service

I, Richard Vera Rodriguez T.D.C.J. #1557396, Applicant, Pro Se, certify under penalty of perjury that, a true, and correct copy of the foregoing motion has been forwarded by U.S. Mail, Postage Pre-paid, First Class to Jeromie Oney, Assist. District Attorney, Gray County Courthouse, P.O. Box 1592, Pampa, Texas 79066-1592, on this the 23rd day of March, 2015.

Respectfully Submitted,

_____ 1557396

Richard Vera Rodriguez TDCJ #1557396
Dalhart Unit
11950 Fm. 998
Dalhart, Texas 79022

5