**Edwin J. HERPICH, on behalf of himself and all other stockholders, etc., Plaintiffs-Appellants,**

v.

**Robert E. WILDER et al., Defendants-Appellees.**

**No. 27385.**

United States Court of Appeals, Fifth Circuit.

July 14, 1970.

F. Don Siegal, J. Vernon Patrick, Jr., Howard P. Walthall, Birmingham, Ala., for appellants; Berkowitz, Lefkovits, Vann & Patrick, Birmingham, Ala., of counsel.

B. M. Waller, Jack Crenshaw, Truman Hobbs, Montgomery, Ala., John L. Hay, John P. Frank, Phoenix, Ariz., Crenshaw & Waller, Montgomery, Ala., for appellee Robert E. Wilder.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., Seale, Smith, Baine & Phelps, by A. G. Seale, Baton Rouge, La., Lewis Roca Beauchamp & Linton by Michael J. LaVelle, Phoenix, Ariz., for appellee National American Life Ins. Co.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

As in Herpich v. Wallace,[1] decided today, we must determine in this case whether minority shareholders of a Louisiana corporation have stated a claim for relief under various sections of the federal securities laws[2] so as to entitle

---

1. 5 Cir., 1970, 430 F.2d 792.

2. Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder; Securities Act of 1933, § 17(a), 15 U.S.C. § 77q(a); Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq.

them to challenge in federal court, this time in Alabama, the way in which control of their corporation was sold. Herpich v. Wallace was directed primarily against the purchasers of control, the so-called Arizona Group. This case is directed against the seller, Robert E. Wilder. The District Court dismissed plaintiffs' complaint against Wilder on the pleadings. With respect to claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and, more particularly, SEC Rule 10b–5, 17 C.F.R. § 240.10b–5, we conclude that the District Court erred. Therefore, for reasons set forth in our opinion in the *Wallace* case, we hold that the judgment appealed from must be reversed in part.[3] The case is remanded for further proceedings not inconsistent with the opinion in *Wallace,* and plaintiffs shall be afforded an opportunity to amend their complaint against Wilder to reflect additional information they say they have obtained since the complaint, as amended, was filed herein.

The principal difference between this case and *Wallace* is that defendants in *Wallace* are the present management of National American Life Insurance Company, but Wilder, to some extent, has departed the scene. The complaint against Wilder, however, alleges that he has committed overt acts in furtherance of the conspiracy between him and the Arizona Group defendants in *Wallace.* Consequently, having allegedly joined the conspiracy and taken steps to assure its success, Wilder may be held responsible for the acts of his coconspirators in furtherance of their scheme. Dasho v. Susquehanna Corporation, 7 Cir., 1967, 380 F.2d 262, 267 n. 2; accord, Shell v. Hensley, 5 Cir., 1970, 430 F.2d 819.[4]

On remand, we leave to the determination of the District Court whether any nonfederal claims presented lie within that Court's pendent jurisdiction, and the wisdom of exercising such pendent jurisdiction as is found to exist. *See* Kletschka v. Driver, 2 Cir., 1969, 411 F.2d 436, 450.

The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings in accordance with this opinion.

3. Count one in this case corresponds to the Investment Act claims aspect of count one in *Wallace;* dismissal of these claims is affirmed. Count two in this case corresponds roughly to the 1933 and 1934 Act claims aspect of count one in *Wallace;* on remand plaintiffs shall be afforded the opportunity to amend count two here to place this case on an even footing with *Wallace.* Count three in this case (the Harris transaction) corresponds to count two in *Wallace,* in which a 10b–5 claim is stated. Count four here (the Latta transaction) corresponds to count three in *Wallace,* in which a 10b–5 claim is not stated. Count four in *Wallace* has no counterpart here because plaintiffs do not seek injunctive relief against Wilder individually.

4. We have carefully examined the various differences between this case and *Wallace* and have concluded that they are immaterial to the question whether this case must be sent back for the normal process of factual development and a determination of the merits of the case.