439 F.2d 1288
 Fed. Sec. L. Rep. P 92,953
ERNST & ERNST et al., Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF
TEXAS, and the Honorable Allen B. Hannay, Judge of
Said Court, Respondents.
 No. 30097.
 United States Court of Appeals, Fifth Circuit.
 Feb. 25, 1971.
 
 Grant Cook, Houston, Tex., for Ernest M. Hall, Jr.
 E. D. Vickery, of Royston, Rayzor & Cook, Houston, Tex., Frank C. Heath, Patrick F. McCartan, of Jones, Day, Cockley & Reavis, Cleveland, Ohio, for Ernst & Ernst, Newman T. Halverson, Clarence T. Isensee and John F. Maurer.
 William T. Kirby, James T. Griffin, of Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., Ben H. Schleider, Jr., of Dillingham & Schleider, Houston, Tex., for A. G. Becker and Co., Inc. and Daniel J. Good.
 William R., Eckhardt, of Vinson, Elkins, Searls & Connally, Houston, Tex., for David C. Bintliff, Brazos Valley Cotton Oil Co., Inc. and Jack G. Taylor.
 J. Edwin Fleming, Patrick E. Higginbotham, Ernest E. Figari, Jr., Charles R. Haworth, of Coke & Coke, Dallas, Tex., for First National Bank in Dallas, Gene H. Bishop and William D. Breedlove.
 John G. Tucker, J. Hoke Peacock, II, of Orgain, Bell & Tucker, Beaumont, Tex., for Paine, Webber, Jackson & Curtis.
 
 
 1
 B. J. Bradshaw, James C. Slaughter, of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for Bank of the Southwest National Assn. of Houston.
 
 
 2
 Ray G. Besing, of Geary, Brice, barron & Stahl, Dallas, Tex., for Goodkind & Co., Inc. and Ling & Co., Inc.
 
 
 3
 Robert E. Morse, Jr., of Vinson, Elkins, Searls & Connally, Houston, Tex. for Kenneth W. Dusek.
 
 
 4
 Richard P. Keeton, of Vinson, Elkins, Searls & Connally, Houston, Tex., for Arthur Belfer.
 
 
 5
 Duncan Boeckman, of Golden, burrow, Potts & Boeckman, Dallas, Tex., for Weber, Hall, Cobb & Caudle, Inc.
 
 
 6
 John A. Murray, Jr., of Ramsey & Murray, Houston, Tex., John J. Enright, of Arvey, Hodes & Mantynband, Chicago, Ill., for John M. Pogue, Jr.
 
 
 7
 Raymond A. Cook, James W. Dilworth, Fred Knapp, Jr., of Andrews, Kurth, Campbell & Jones, Houston, Tex., for respondents.
 
 
 8
 Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.
 
 GODBOLD, Circuit Judge:
 
 9
 This petition for a writ of mandamus arises from proceedings commenced by the Trustee in Chapter X reorganization of Westec Corporation. The Trustee brought suit in the United States District Court for the Southern District of Texas against 93 defendants, including numerous banks and securities firms and an accounting firm. He alleged in detail a massive and multifaceted stock manipulation scheme by Westec officers and insiders, participated in by the various outside defendants in differing respects, and leading ultimately to the collapse of Westec. With a few exceptions, it was charged that the defendants were participants in a lengthy and continuing unlawful conspiracy, embracing numerous transactions, to commit the wrongs and illegal acts specifically complained of.
 
 
 10
 The petitioners, who are many of the defendants in the suit brought by the Trustee, seek a writ directing the District Judge to vacate his order denying motions to dismiss or to amend his order so as to include the statements necessary for an interlocutory appeal under 28 U.S.C. 1292(b). A panel of this court directed that a response be filed, and the matter was set for oral argument before the present panel.
 
 
 11
 The corporation claims: In the pending suit the Trustee, on behalf of the corporation itself, seeks to recover damages for asserted violations of Rule 10b-5, 17 C.F.R. 240.10b-5, promulgated pursuant to 10(b) of the Securities Act of 1934, 15 U.S.C. 78j(b), and for fraud and negligence under state law. In addition, he seeks to recover indemnity under state law for sums which, under the proposed plan of reorganization, Westec will be obliged to set aside for certain of its present and former stockholders who claim that in purchasing Westec stock they were defrauded by the corporation. Finally, also under state law, he seeks to recover profits made by the defendants on sales of Westec shares.
 
 
 12
 The class action: The Trustee further seeks to maintain an action for damages on behalf of a class composed of persons who purchased or made loans against Westec stock over a period of some two years prior to the collapse in the market for Westec shares. The class is alleged to include between 4,000 and 10,000 members, and the value of the claims is said to aggregate many millions of dollars. The claims of the class members are predicated on the defendants' alleged violations of Rule 10b-5 and the acts said to be fraudulent or negligent under state law.
 
 
 13
 The instant petition was filed with the suit still in the pleading stage, after the District Court, in a written opinion, had denied motions to dismiss. The urgent matters to which we address ourselves are intertwined question-- whether the Trustee has stated any federal cause of action and whether he can maintain the class action.
 
 
 14
 With regard to the corporation's claims, the Trustee seeks to invoke the jurisdiction of the federal courts by asserting a claim under 10b-5. He predicates his standing[1] to maintain that claim primarily on the contention that Westec was a 10b-5 purchaser of its own securities. Alternatively, he contends that under the peculiar facts of the case, in which it is alleged that the proximate cause of injury to Westec was conduct in violation of 10b-5, he has standing to assert a claim for such damage even though Westec was not a 10b-5 purchaser. The Trustee also asserts that he states a federal cause of action apart from his claim under 10b-5 because, by virtue of the interplay of state law and federal securities law, the state law rooted claims[2] 'arise under' the laws of the United States, Cf. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945).[3]
 
 
 15
 The Trustee appears to predicate his right to represent the class of aggrieved purchasers solely on the contention that Westec is a party entitled to sue under 10b-5.
 
 
 16
 The defendants contend that Westec was not a 10b-5 purchaser, that as a matter of law the Trustee cannot state a claim under 10b-5 unless Westec was a purchaser within the meaning of that Rule as construed by this court, with the consequence that the corporation's 10b-5 claim must be dismissed for failure to state a claim and the class action must be dismissed because the Trustee, himself unable to sue under 10b-5, may not represent the class.[4] In addition, they assert that there is no independent jurisdictional basis for the state law rooted claims, and that, if no 10b-5 claim is stated on behalf of the corporation, the state law rooted claims must be dismissed for lack of jurisdiction.[5]
 
 
 17
 After denial of the motions to dismiss, the defendants requested that the order be amended to include the language necessary for an interlocutory appeal under 1292(b). The District Court denied this request in the language of the statute, on the ground that the original order did not involve controlling questions of law as to which there are substantial grounds for differences of opinion, and that an immediate appeal would not materially advance the ultimate termination of the litigation. The District Judge particularly noted in his opinion that certain questions pertaining to maintenance of the class action were mixed questions of law and fact which could more appropriately be reviewed after a full trial on the merits. Various defendants moved for reconsideration and renewed their requests for 1292(b) certification. These were denied. This petition for a writ of mandamus ensued.
 
 
 18
 In his opinion denying the motions the District Judge stated
 
 
 19
 The contention of Defendants that Westec Corporation is not the kind of purchaser of its own securities to qualify under Rule 10b-5 is without merit. See: Hooper v. Mountain States Securities, 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961).
 
 
 20
 The parties are in sharp disagreement as to the precise import of this statement, and its effect on the case at this juncture, both procedurally and substantively. They disagree as to whether it is a conclusion of law referring merely to the sufficiency of allegations of the complaint, or is intended to adjudicate as a matter of fact that Westec is some kind of 10b-5 purchaser.[6] They disagree as to whether Westec is a 10b-5 purchaser. The defendants assert, and the Trustee denies, that in the lower court the Trustee disclaimed reliance on status as a 10b-5 purchaser, and, if he made such a disclaimer, they differ on the effect of it. In this court the Trustee has not pointed with any degree of particularity to the transactions which he contends confer upon him 10b-5 purchaser status, or to which transactions the District Judge may have been referring in making the above-quoted statement. At oral argument we imquired whether the parties could stipulate that Westec was or was not a 10b-5 purchaser and, if it was, with respect to what transactions. They have reported their inability to do so.
 
 
 21
 Most important, neither the parties nor this court can say with assurance that the District Court's statement, in a field of the law in which developments are almost as new as the weather report, was made in the light of current legal standards governing 10b-5 cases. The motions to dismiss were denied on March 16, 1970. On April 20, 1970 this Court decided Rekant v. Desser, 425 F.2d 872 (5th Cir. 1970), holding that 10b-5 standing is limited to 'purchasers or sellers of securities,' and adhering to the Birnbaum rule.[7] 425 F.2d at 877. Rekant was referred to in the petition for rehearing, which was denied on June 25. The instant petition for a writ to mandamus was filed in this court on July 6, 1970. A few days later, on July 14, we decided Herpich v. Wallace, 430 F.2d 792 (5th Cir. 1970), Herpich v. Wilder, 430 F.2d 818 (5th Cir. 1970) and Shell v. Hensley, 430 F.2d 819 (5th Cir. 1970). Herpich v. Wallace, the leading case in the trilogy, reiterated the necessity for status as a purchaser or seller within the meaning of 10b-5, but with the caveat that standing is not limited only to those who are purchasers or sellers in the traditional common law sense. Cooper v. Garza, 431 F.2d 578 (5th Cir. 1970), is to the same effect and was rendered September 10, 1970. On December 10, 1970, a petition for a writ of certiorari was filed in Herpich v. Wilder, supra, challenging in part the 'purchaser or seller' requirement. 39 U.S.L.W. 3273.
 
 
 22
 The situation cries out for reexamination and further consideration by the District Court of the threshold issues, prior to trial, under the newly available teachings of the above-discussed cases. The matter is before us on the pleadings, on a fragmentary record, and in an independent proceeding for a prerogative writ. 'Mandamus or prohibition is singularly inappropriate to determine the correctness of a controlling question of law 'as to which there is substantial ground for difference of opinion." Ex Parte Tokio Marine & Fire Ins. Co., 322 F.2d 113, 115 (5th Cir. 1963).
 
 
 23
 There is grave uncertainty, which we are unable to resolve at this time, as to precisely where the parties stand in the District Court, procedurally and substantively. As we have pointed out, our uncertainty revolves around central issues, possibly determinative of whether any federal cause of action is stated on behalf of the corporation and whether the Trustee can maintain the class action.
 
 
 24
 The issues in the case are complex and difficult. Trial on the merits is expected to consume months, with massive expenditures of judicial time and effort and great expense to the litigants. If began now it might turn out that under current teachings there are claims cognizable in federal court-- and we intend not even a hint of our views on that issue-- but it also might be that, after a gigantic expenditure of human and material resources, it would be discovered that the Trustee has been in the wrong court, and what ought to have been the end would be only a beginning. If the Trustee is to proceed as the representative of the class, he is entitled to more assurance than he has at this time of whether he can maintain a 10b-5 cause of action and whether, if he can, he is otherwise qualified to represent the class. Indeed, we entertain some doubt whether it is appropriate for him to proceed with the class action until his status as a proper representative is judicially clarified to a greater extent than at present. And it is a fair implication from Fed.R.Civ.P. 23(c)(1), if not merely from the expected magnitude of the trial on the merits, that the members of the particular class alleged are entitled to know early in the litigation that their claims are asserted by a representative whose right to that position is relatively clear. The defendants are entitled to defend with some assurance that they have been sued by the proper person and that they will not be obliged to do it all over again. In short, all parties, and the courts, need some better answers to these threshold issues and at an early stage.
 
 
 25
 Tokio Marine & Fire, supra, gives us guidance. As in that case, problems central to the suit have coalesced before trial at the pleading stage, and are presented in the awkward context of mandamus, with this court again in the position of acquiescing in what may prove to be a useless trial and appeal or of saying that the trial court (here, in a field of law that is developing almost daily) has been guilty of an abuse of discretion. As in that case, we do not invite the parties to resubmit to the District Court at this time requests for certification. We regard it as essential, in the interests of all concerned, that there should be further but limited development of the suit in the District Court. As we have noted, the case is large and complex, but the issues have not yet been clearly framed. The Trustee must attempt to allege with greater particularity wherein and with respect to which transactions he claims that Westec is a 10b-5 purchaser, wherein and with respect to which transactions he claims that he is entitled to maintain an action in the corporation's behalf under 10b-5 but otherwise than as a purchaser, and wherein and with respect to which transactions and on what legal theories he calims that there is federal jurisdiction vested on some basis or bases other than a cause of action of Westec under 10b-5.
 
 
 26
 The record should be further developed in order that the District Court can make new and sharply targeted conclusions clusions of law, and, to the extent that such further development makes it appropriate, separate findings of fact, determining: the Trustee's right to bring an action on behalf of Westec as a 10b-5 purchaser; his right to maintain an action in the corporation's behalf under 10b-5 but otherwise than as a purchaser; if federal jurisdiction is rested on some basis or bases other than Westec's asserted cause of action under 10b-5, the viability of such claims and the presence or absence of such jurisdiction; and, the Trustee's right to maintain the class action.
 
 
 27
 In its further consideration of all threshold issues, and particularly those just above delineated, the District Court may wish to avail itself of full or partial summary judgment, the taking of limited evidence, and even the separate trial of single or limited issues under Fed.R.Civ.P. 42(b).
 
 
 28
 Our treatment of the case at this juncture makes it unnecessary for us to decide at ths time the request that we mandatorily order 1292(b) certification. Our disposition is without prejudice to the right of any or all parties, individually or together, to renew with the District Court at an appropriate time their request for 1292(b) certification of the cause on the record as further developed. See In re Humble Oil & Refining Co., 306 F.2d 567 (5th Cir. 1962), on interlocutory appeal after remand, Humble Oil & Refining Co. v. Bell Marine Service, Inc., 321 F.2d 53 (5th Cir. 1963).[8]
 
 
 29
 The further proceedings in the District Court may moot or otherwise make unnecessary any further action by this court. If not, the District Court may wish to certify for 1292(b) review the proceedings as further developed. In any event, after the limited proceedings below have been completed, this court must be apprised of the status thereof by the parties now before us, and must be informed of the action, if any, which is then sought of this court, and to the extent necessary for us to bring the matter before us to a conclusion a supplemental record shall be certified to this court.
 
 
 30
 Pending the further development of the case which we have directed in this opinion, we retain jurisdiction of this petition for mandamus, and any and all other proceedings in the case in the District Court are stayed. Ex Parte Tokio Marine & Fire, supra, 322 F.2d at 117.
 
 
 31
 Grant or denial of petition withheld pending further proceedings in the District Court not inconsistent with this opinion. Stay entered.
 
 
 
 [1]
 In ruling on the viability of the corporation's 10b-5 cause of action, the District Court framed the issue in terms of whether the Trustee 'states a claim * * * on which relief may be granted.' We think that whether the Trustee states a claim on behalf of the corporation under 10b-5 encompasses the question whether, as the corporation's representative, he has 'standing' to sue under that Rule, viz., whether the corporation is a party entitiled to seek redress for a violation of the Rule in a private action, since it is essential to a claim for relief under 10b-5 that the suit be on behalf of one entitled to maintain the action. Accordingly, we shall speak interchangeably of whether the Trustee has 'standing' to maintain the 10b-5 action and whether he has stated a 'cause of action' or a 'claim for relief' under 10b-5
 
 
 [2]
 At least those for indemnity and the recovery of profits realized by the defendants. We are unable to say with assurance whether this contention extends to the claims for fraud and negligence rooted in state law
 
 
 [3]
 Both the complaint and the introductory portions of the District Court opinion refer to pendent jurisdiction as one of the bases for federal jurisdiction. The Trustee here contends that this is not precisely what he meant, that he asserts federal jurisdiction of the state law rooted claims independent of the 10b-5 cause of action
 
 
 [4]
 The District Court considered the requirements of Rule 23, Fed.R.Civ.P., and found that all had been met. Necessarily, the defendants' position, described above, explicitly and implicitly questions the correctness of prerequisites (2), (3) and (4) of 23(a), and several of the provisions of 23(b). Also, defendants advance independent arguments that, even if there is federal jurisdiction and the Trustee has standing to assert the class action, he does not have authority to assert claims on behalf of any entity other than the corporation, and he does not meet the requirements of Rule 23 because of interests adverse to those of the class
 No contention is made that 10b-5 claims may not be the subject of class actions. See Green v. Wolf Corporation, 406 F.2d 291 (2d Cir. 1968), cert. denied, Troster, Singer & Co., 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969).
 
 
 [5]
 The Trustee makes no claim that his status as a Trustee in a Chapter X reorganization independently confers federal jurisdiction
 
 
 [6]
 The opinion refers to treating the Rule 12 motions as motions for summary judgment under Rule 56. The parties differ on whether, under his governing pre-trial order, the District Judge had excluded Rule 56 treatment
 
 
 [7]
 Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952)
 
 
 [8]
 Of course, as a consequence of further proceedings in the lower court some of the issues on which we now write may drop out of the case