HAWORTH, INC., Plaintiff,

v.

HERMAN MILLER, INC.,
et al., Defendants.

Civ. A. No. 1:92–CV–0068–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 9, 1992.

Ronald Louis Reid, Frank Garrett Smith, III, Alston & Bird, Atlanta, GA, William K. West, George M. Sirilla, Nancy J. Linck, Jeffrey A. Simenauer, G. Paul Edgell, Barry Golob, James D. Berquist, Cushman, Darby & Cushman, Washington, DC, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, Stuart I. Friedman, Friedman, Witenstein & Hochman, New York City, for plaintiff.

William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, Joel W. Benson, Jeffrey M. Duncan, Roy E. Hofer, David A. Anderson, Michael E. Milz, Glen P. Belvis, Richard A. Cederoth, Allan J. Sternstein, Willian, Brinks, Olds, Hofer, Gilson & Lione, Chicago, IL, Stephen Melvin Dorvee, Arnall, Golden & Gregory, Atlanta, GA, James E. Christenson, Herman Miller, Inc., Zeelon, MI, Susan A. Cahoon, Kilpatrick & Cody, Atlanta, GA, for defendants.

## ORDER

FORRESTER, District Judge.

This patent infringement action is before the court on Defendant Herman Miller, Inc.'s (hereinafter "Herman Miller") motion to transfer this action to the Western District of Michigan. Plaintiff Haworth, Inc. (hereinafter "Haworth"), opposes such a transfer. The controlling issues in this dispute are whether Herman Miller has met its burden to show that the convenience of the parties and witnesses outweigh Haworth's choice of forum, and if so, whether Haworth can nonetheless resist Herman Miller's motion to transfer because the interests of justice are promoted by bringing this action in the Northern District of Georgia rather than the Western District of Michigan in order to assure that the parties are able to obtain a fair trial, untainted by juror bias or interest.

The court finds that Herman Miller has met its burden to show that a transfer would be mandated to promote the interests of convenience and wise judicial administration of this action. Further, the court finds that Haworth has failed to show that the parties will be unable to obtain a fair trial in the Western District of Michigan because of juror bias. Therefore, this action will be transferred to the United States District Court for the Western District of Michigan.

## I. BACKGROUND

Haworth is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business and

corporate headquarters located in Holland, Michigan. Herman Miller is also a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Michigan and its corporate headquarters in Zeeland, Michigan. Defendant Carithers–Wallace–Courtenay, Inc., doing business as CWC Office Outfitters (hereinafter "CWC"), is one of Herman Miller's largest dealers in the office furniture industry. Both Haworth and Herman Miller have a substantial presence in the Northern District of Georgia.

At issue in this action are patents involving systems office furniture, specifically wall panels with pre-wired power systems. Herman Miller and Haworth are, respectively, the number two and number three manufacturers of systems office furniture in the country. The leading manufacturer of systems office furniture is Steelcase, Inc. (hereinafter "Steelcase"). Steelcase is a Michigan corporation with its principal place of business in Michigan and is headquartered in Grand Rapids, Michigan.

In November of 1985, Haworth successfully sued Steelcase for the alleged infringement of the aforementioned patents involving electric wall panels. *See Haworth, Inc. v. Steelcase, Inc.*, 685 F.Supp. 1422 (W.D.Mich. 1988), *aff'd in part, reversed in part,* 867 F.2d 615 (Fed.Cir.1989) (unpublished), *cert. denied,* 490 U.S. 1067, 109 S.Ct. 2067, 104 L.Ed.2d 632 (1989).

After the judgment Steelcase filed a separate patent suit against Haworth in the Western District of Michigan, alleging that Haworth infringed two Steelcase patents concerning improvements in electrified wall panel systems. In this second action Haworth counterclaimed against Steelcase, alleging the infringement of two additional Haworth patents relating to electrified wall panel systems and office equipment. Ultimately, this second action was consolidated with the first action awaiting a determination on damages, and all remaining disputes between Haworth and Steelcase were effectively removed from federal court to be settled by binding alternative dispute resolution (ADR).

The ADR process between Haworth and Steelcase is still proceeding.

The office system furniture industry and related businesses are major employers in Western Michigan.[1] Furthermore, the "big three" office furniture manufacturers are well known corporate citizens of their communities. As a result of the office furniture industry's importance, the litigation between Haworth and the other office furniture industry members has generated significant interest and a large amount of media coverage. The majority of this coverage has been factual in nature, although a small number of articles could be considered inflammatory or prejudicial. These latter pieces generally relate to the potential negative impact to the office furniture industry as a whole from the pending patent litigation, and specifically to the potential severe economic effects to industry members which are found liable to Haworth for patent infringement.

## II. DISCUSSION

Based upon the high visibility of the office systems furniture industry in the Western District of Michigan and the alleged extreme public reaction to the Steelcase litigation and intra-industry litigation in general, Haworth contends that the interests of justice require that Herman Miller's motion to transfer this action be denied in order to ensure Haworth's right to an impartial jury. Herman Miller argues that this case should be transferred in order to facilitate the convenience of the parties and witnesses in this litigation, almost all of whom reside in the Western District of Michigan.

In order to determine if a transfer of this action is appropriate, the court must first weigh the appropriate factors to determine if a transfer of this action is mandated notwithstanding Plaintiff Haworth's choice of forum. Assuming a transfer is called for, the court must determine if it has the authority to sever a cause of action against a properly joined defendant, transfer the cause of action as to one defendant, and stay the cause of action as to the other defendant.

---

1. Haworth is involved in patent disputes with numerous of these other manufacturers and has recently resolved its patent disputes with several of these companies.

### A. Merits of Transfer

The statutory authority for transferring or changing the venue of an action pending in federal court is provided for in 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

#### 1. Convenience and Judicial Administration

■ The general rule is that a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981)[2]; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). However, where the forum selected is not the home district for any of the parties involved in the action, plaintiff's original choice of forum is entitled to less weight. *Electronic Transaction Network v. Katz*, 734 F.Supp. 492, 501 (N.D.Ga.1989); *Prather v. Raymond Constr. Co., Inc.*, 570 F.Supp. 278, 284 (N.D.Ga.1983).

■ The fundamental considerations of a motion to transfer are convenience and justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The purpose of the transfer provision "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'" *Id.* (citing *Continental Grain Co. v. Barge F.B.L.–585*, 364

U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 (1960)).

■ The court finds that plaintiff's choice of venue is not controlling in this matter, where no particular interest is served by the selection of this particular forum. Both Haworth and Herman Miller are Michigan corporations, and while CWC is a Georgia corporation, it is in reality a secondary or indirect participant to this litigation.

Key to this holding is the convenience the Western District of Michigan provides to the parties and other third-party witnesses which is not present in the Northern District of Georgia. Furthermore, in the Western District of Michigan, these witnesses are subject to compulsory process that is not available to the court in the Northern District of Georgia. Specific witnesses who are likely to be called at trial and who reside in the Western District of Michigan include both Haworth's and Herman Miller's corporate employees who have relevant information concerning the development of the patents at issue, existing prior art, or potential damages as a result of any infringement; the three inventors of the patents at issue; the prosecuting attorney involved with the patents at issue; Herman Miller's electrical supplier which manufactures an electrical distribution apparatus used in Herman Miller's electrified wall panels or frames at issue in this suit; and third-party designers who developed Herman Miller's accused electrical wall panels and frames.

Further, the Michigan court is familiar with the patent in question.[3]

Thus, the court finds that Herman Miller has met its burden to show through clear and convincing evidence that the convenience of

---

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, unless overruled by the Eleventh Circuit *en banc*, are binding precedent in this court. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

**3.** This is in no way meant to imply that the Steelcase pending litigation in alternate dispute litigation at this time is itself a factor in this court's determination that transfer is appropriate. Herman Miller has already attempted to intervene in the Steelcase litigation, and this motion was denied by the court because of the lengthy procedural history in that action and

unique binding alternative dispute resolution agreed to by Haworth and Steelcase in that dispute. *Haworth v. Steelcase*, File No. 4:85–CV–526, slip op., 1992 WL 457284 (W.D.Mich. August 11, 1992). Nonetheless, any public documents in the Steelcase litigation relevant to this dispute would be located in the Western District of Michigan, favoring transfer of this action, and arguably, the District Court for the Western District of Michigan is most familiar with the Haworth patents, having presided over the original Steelcase litigation, also favoring transfer of this action.

**1480**

the parties and witnesses clearly outweighs the plaintiff's choice of forum.

### 2. Interests of Justice: Fair Trial and Jury Bias

■ Haworth argues that this is not the normal case and that the interests of justice require that this action remain in Georgia because Haworth will not be able to obtain a fair trial in the Western District of Michigan. Specifically, Haworth contends that it will be impossible to obtain an unbiased jury. The court finds that Haworth has not met its burden of proving that the jury pool in the Western District of Michigan, and particularly the Southern Division, is so tainted as a result of pretrial publicity or an inflamed community atmosphere as to prevent Haworth from obtaining a fair trial.

■ In potential jury bias cases based on presumed prejudice, the basic principle to be upheld is the fundamental fairness of the trial. *Coleman v. Kemp,* 778 F.2d 1487, 1489 (11th Cir.1985) (citation omitted), *reh'g denied,* 782 F.2d 896 (11th Cir.), *cert. denied,* 476 U.S. 1164, 106 S.Ct. 2289, 90 L.Ed.2d 730, *reh'g denied,* 478 U.S. 1014, 106 S.Ct. 3321, 92 L.Ed.2d 728 (1986). "The constitutional standard of fairness requires that a [party] have 'a panel of impartial, "indifferent" jurors.'" [Cit.]. When resolving questions involving fundamental fairness regarding potential juror bias, there are two standards which guide the analysis of this question, the "presumed prejudice" standard and the "actual prejudice" standard. *United States v. Angiulo,* 897 F.2d 1169, 1181 (1st Cir.1990); *Marsden v. Moore,* 847 F.2d 1536, 1542 (11th Cir.), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *Coleman,* 778 F.2d at 1489. In this action Haworth seeks to resist Herman Miller's motion to transfer based on the "presumed prejudice" of the prospective jury pool in the Western District of Michigan due to alleged prejudicial pretrial publicity and the extensive presence of the furniture industry in terms of employees, relatives, stockholders or other individuals with a significant interest in the litigation residing in the region. In seeking to resist Herman Miller's motion to transfer under a presumed prejudice theory,

Haworth has a heavy burden to meet as "[t]he presumed prejudice principle is 'rare[ly]' applicable, *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 554, 96 S.Ct. 2791, 2800, 49 L.Ed.2d 683 (1976), and is reserved for an 'extreme situation.' *Mayola [v. Alabama],* 623 F.2d 992, 997 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981)." *Coleman,* 778 F.2d at 1490; *see also Lehder–Rivas,* 955 F.2d at 1524.

■ Where presumed prejudice is alleged, the relevant question is not whether the community is aware of the case, *Murphy v. Florida,* 421 U.S. 794, 799–800, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589 (1975) (quoting *Irvin v. Dowd,* 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961)), but whether the prospective jurors have such fixed opinions that they are unable to judge impartially and resolve the dispute between the parties. *See Patton v. Yount,* 467 U.S. 1025, 1035, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984); *United States v. Lehder–Rivas,* 955 F.2d 1510, 1524 (11th Cir.1992). "Juror prejudice is presumed from pretrial publicity when such publicity is sufficiently prejudicial and inflammatory and saturated the community where the trial [is to be] held." *Marsden,* 847 F.2d at 1542 (citing *Coleman,* 778 F.2d at 1490). This prejudicial inflammatory publicity must saturate the community from which the jury is to be drawn in such a way as to "render it virtually impossible to obtain an impartial jury." *Angiulo,* 897 F.2d at 1181 (quoting *United States v. Chagra,* 669 F.2d 241, 250 (5th Cir.), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982)). Even though there has been a significant amount of media coverage as a result of Haworth's patent infringement litigation against other members of the office furniture industry, nonetheless, the court finds that this pretrial publicity in no way is sufficiently "prejudicial and inflammatory" as to saturate the community in such a way as to prevent prospective jurors from impartially adjudicating this dispute. *See Lehder–Rivas,* 955 F.2d at 1524; *Coleman,* 778 F.2d at 1490. The vast majority of the publicity in question is factual in nature, rather than sensational or prejudicial, and has been spread over a long span of time.

■ In addition to prejudicial pretrial publicity, the court must consider the potential of actual bias to the potential juror pool because of the potential jurors having a pecuniary or economic interest in the suit. *See Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975); *Thiel v. Southern Pac. Co.*, 328 U.S. 217, 226, 66 S.Ct. 984, 988, 90 L.Ed. 1181 (1946) (Frankfurter, J., dissenting); *Tumey v. Ohio*, 273 U.S. 510, 522–523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927); *Los Angeles Memorial Coliseum Com'n v. N.F.L.*, 726 F.2d 1381, 1400 (1984); *City of Cleveland v. Cleveland Elec., Etc.*, 538 F.Supp. 1240, 1252–53 (1980). In this case the prejudicial "interest" would likely result from working for, being related to an employee of, being a shareholder of, or otherwise being related to an organization which does significant business with one of the big three business furniture industry corporations involved in the wall panel patent litigation.

Applying these principles to the facts in this case, the court finds that there is insufficient evidence to show prejudice or pecuniary bias to the prospective juror pool to warrant outweighing the various convenience factors previously discussed and permits the court to maintain venue in this district rather than transfer the case to the Western District of Michigan. The Western District of Michigan is broken into two divisions, the Southern and Northern. The Southern Division has three sites or courthouses, Grand Rapids, Kalamazoo and Lansing. The Grand Rapids district includes twenty-two counties, the Kalamazoo district covers seven counties, and five counties make up the Lansing district. The necessary jury pools are selected equally from the state's list of registered voters and list of licensed drivers. Based on these lists, the minimum possible number of potential jurors in the Southern Division total 1,839,240.[4] The specific number of potential jurors for the various sites or courthouses within the Southern Division of the Western District are detailed below.

| | Grand Rapids | Kalamazoo | Lansing |
|---|---|---|---|
| Voter List | 888,929 | 496,117 | 335,956 |
| Driver List | 956,268 | 540,156 | 342,816 |

4. This assumes complete overlap between the list of registered voters and the list of registered licensed drivers from which the juror pool is taken.

In this instance the court finds that Haworth has not met its burden to resist Herman Miller's motion to transfer. Even though the office furniture industry is a major component of the business community in the Western District of Michigan, and Haworth and Herman Miller are respected members of their communities, there does not appear to be a sufficient number of "interested" potential jurors in the Southern District to preclude the parties from receiving an impartial jury and a fair trial. The heart of the office furniture industry resides in the Southern Division, and presumptively, this action would end up being assigned to a judge in this Division. Haworth, Herman Miller and Steelcase have approximately 13,600 employees in this area of the Western Michigan region. Were the court to assume that each of these had ten close relatives in the jury pool, only 136,000 jurors would be "tainted." Therefore, even assuming a significant increase in the total number of interested potential jurors in the District due to relatives of employees and so forth, there simply is insufficient evidence to show that the Southern District jury pool of 1.8 million people is insufficient from which to draw a disinterested jury.

Simply stated, there has not been a sufficient showing that the juror pool in the Western District of Michigan has been so biased though prejudicial pretrial publicity and/or a direct pecuniary interest in the potential jurors as to prevent a fair trial.

**B.** *Power to Sever, Transfer and Stay*

Herman Miller, in its motion to transfer, requests the court to sever this action as to Defendants Herman Miller and CWC, transfer Haworth's patent dispute against Herman Miller to the Western District of Michigan, and stay Haworth's action against CWC pending the resolution of the Herman Miller action in Michigan. This court would be required to sever and stay the action against CWC should the case against Herman–Miller be transferred because suit could not have been brought against CWC in the transferee forum. *Hoffman v. Blaski*, 363 U.S. 335,

**1482**

343–44, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960). Because Defendant CWC is a Georgia corporation with no significant contacts to the Western District of Michigan, Haworth could not have properly brought suit against CWC in that venue.

 Where "exceptional circumstances," grounded on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," exist, a district court may decline to review a case where proper jurisdiction exists or transfer the case to a more appropriate venue. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). This "exceptional circumstances" test has been found to apply to decisions to stay federal proceedings by the Supreme Court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). Furthermore, it has noted that "[a] stay order has virtually the same effect, and is granted for practically the same reasons that motivate a court in granting a transfer motion." *ACF Industries, Inc. v. Guinn,* 384 F.2d 15, 19 (5th Cir.1967). Therefore, the "convenience of parties" and "the interests of justice" should guide and govern the use of a stay order. *ACF Industries,* 384 F.2d at 20.

 In the case *sub judice,* exceptional circumstances exist. The inconvenience of this federal forum to Herman Miller and the convenience of the Western District of Michigan to the parties and potential witnesses to this action weigh strongly in favor of severing Haworth's action as to Herman Miller and CWC and transferring the action against Herman Miller to the Western District of Michigan. *See Allway Tools, Inc. v. American Safety Razor Co.,* 206 U.S.P.Q. (BNA) 475, 1979 WL 24969 (S.D.Tex.1979); *Mobil Oil Corp. v. W.R. Grace & Co.,* 334 F.Supp. 117, 122–23, 128 (S.D.Tex.1971). It is clear that Herman Miller is the primary defendant and CWC is only indirectly connected to the transactions forming the basis of Haworth's claims. *Allway Tools,* 206 U.S.P.Q. 475 (citing *Wyndham Associates v. Bintliff,* 398 F.2d 614, 618–19 (2d Cir.1968)).

### III. CONCLUSION

The court finds that the convenience of the parties and witnesses in this dispute clearly dictates that this action be transferred to the Western District of Michigan. Furthermore, the court finds that Haworth has failed to meet its burden to show that its right to a fair trial by a panel of impartial and indifferent jurors would be prevented in the Western District of Michigan because of the presumed prejudice resulting from prejudicial pretrial publicity or an inflamed community atmosphere. Therefore, Herman Miller's motion to transfer [19–2] is GRANTED.

Furthermore, because Carithers–Wallace–Courtenay could not be originally sued in the Western District of Michigan, the Clerk of the Court is DIRECTED to SEVER Defendant CWC from this action and STAY Haworth's case against CWC pending the resolution of the Haworth and Herman Miller dispute in Michigan. The Clerk of the Court should CLOSE Haworth's case against CWC for statistical purposes, although the case will remain open in legal terms. Haworth may reactivate its dispute against CWC upon conclusion of its affairs in Michigan. Herman Miller's motion to sever and stay the action as to Codefendant CWC [19–1] is GRANTED.

SO ORDERED.