**AEROQUIP CORPORATION, Plaintiff,**

v.

**DEUTSCH COMPANY, Defendant.**

**Civ. A. No. 494–225.**

United States District Court,
S.D. Georgia,
Savannah Division.

March 23, 1995.

Peter C. John, Thomas L. Duston, Hedlund, Hanley & John, Chicago, IL, and Walter C. Hartridge, Bouhan, Williams & Levy, Savannah, GA, for plaintiff.

Laurence H. Pretty, Craig S. Summers, Keith A. Newburry, Pretty, Schroeder, Brueggemann & Clark, Los Angeles, CA, and Harvey Weitz, and Kathleen Aderhold, Weiner, Sherouse, Weitz, Greenberg & Shawe, Savannah, GA, for defendant Deutsch Co.

## ORDER

EDENFIELD, Chief Judge.

Plaintiff Aeroquip filed a claim against Defendant Deutsch for patent infringement on October 6, 1994. Deutsch filed an Answer on November 14, 1994, and then a Motion to Transfer Venue on December 2, 1994. For reasons stated below, the Court **GRANTS** the motion.

### I. Background

Aeroquip claims it is the exclusive licensee of two patents covering axial swaging tools and fittings, and that Deutsch infringed on these patents in Georgia by selling to Gulfstream Aerospace Corporation. Deutsch denies violating Aeroquip's patents. It also argues that Gulfstream conducted demonstrations several months ago involving many brands of aerospace components, and then placed an order with Deutsch for swaging tools and fittings that are not alleged to infringe Aeroquip's patents. Def. Mem., Dec. 2, 1994, at 5; Farro Decl. ¶¶ 8–10, 15. In the motion currently before the Court, Deutsch asserts that the Gulfstream contact is Deutsch's only one with this district, and since all other relevant materials and witnesses are in California, this case should be transferred to the United States District Court for the Southern District of California.

### II. Transfer of Venue

#### A. Generally

The parties do not debate whether venue is legally proper in this Court, see 28 U.S.C.

§ 1400, but only whether the Court would be justified in transferring it. The general change of venue provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' A motion to transfer under § 1404(a) thus calls on the District Court to weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). Transfer is justified if those factors "weigh[ ] heavily in favor" of it. *Duckworth v. Medical Electro-Therapeutics, Inc.*, 768 F.Supp. 822, 831 (S.D.Ga.1991) (quoting *Electronic Transaction Network v. Katz*, 734 F.Supp. 492, 501 (N.D.Ga.1989)).

■ The transfer provision is designed to prevent waste of resources and to protect all involved from unnecessary inconvenience or expense. *Van Dusen*, 376 U.S. at 616, 84 S.Ct. at 809. Generally, however, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981).[1] *See also Duckworth*, 768 F.Supp. at 831. The significance of plaintiff's choice is diminished if the forum selected is not the home district of any parties involved in the action. *Haworth, Inc. v. Herman Miller, Inc.*, 821 F.Supp. 1476, 1479 (N.D.Ga.1992); *Katz*, 734 F.Supp. at 501. In those instances, no party is particularly inconvenienced by a transfer. The gravity of plaintiff's choice is also less than it would be under a *forum non conveniens* analysis. *See generally Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

### B. *Specifically*

#### 1. Parties' Allegations

Neither party disputes that this case could have been brought in the Southern District of California: Deutsch is based there and Aeroquip could easily have filed suit there. The alleged infringement is presumably nationwide (or at least wherever Deutsch markets axial swaging equipment) and Aeroquip's claim is based on federal patent law, so no California judge would be forced to contend with Georgia state law. Because California is a district in which this action "might have been brought," the Court must now consider the arguments for and against granting transfer.

Essentially, Deutsch seeks transfer for the following reasons: (1) Deutsch is a California corporation having its principal place of business in California, and all employees responsible for design and production of the axial swaging equipment reside in the Los Angeles area; (2) aside from the convenience of a California venue, it will ensure the presence of all needed witnesses at trial, which furthers the interests of justice in this case; (3) all documents and materials related to Deutsch's activities—including manufacturing equipment—are in California; (4) the inventors and owners[2] of both patents reside in California; (5) Aeroquip has no special connection to or employees residing in Georgia, being a Michigan corporation with its principal base in Ohio, and so a Georgia forum has no particular importance to it; (6) although used in a demonstration by Gulfstream, there have been no sales of the accused Deutsch product in Georgia; (7) the Southern District of Georgia has, to date, invested little in this suit, since only initial pleadings have been filed and no discovery has commenced.

Aeroquip responds to these points by arguing that Deutsch has major long-term clients in Georgia (Lockheed Corporation and Gulfstream) and an Atlanta-based sales represen-

---

1. Decisions of the former Fifth Circuit rendered before October 1, 1981, unless later overruled by the Eleventh Circuit, are binding precedent in this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

2. Aeroquip apparently does not own either patent, but is the exclusive licensee of both.

tative, implying that transactions in Georgia are not especially inconvenient for Deutsch personnel. Aeroquip also argues that two important witnesses mentioned by Deutsch and residing in California have agreed to appear before this Court if needed; a third appears to be dead. Affid. of Peter John, Dec. 27, 1994. California, however, would be inconvenient for Aeroquip, and Aeroquip could not ensure the presence of its own witnesses in a California action. Aeroquip also contends that, as with most patent cases, many witnesses should not be needed anyway, so inconvenience to such persons should not be a major concern.

Finally, Aeroquip claims that the Southern District of California is "one of the most crowded dockets in the federal system." Pltf.Mem., Dec. 19, 1994, at 6. Because Deutsch admittedly anticipates a rapid increase in its axial swaging equipment sales, Aeroquip argues that the potential delay of a California action would impede the interests of justice in this case.

### 2. Court's Conclusions

■ On the record before it, the Court concludes that transfer is appropriate in this case. Many factors weigh in favor of transfer, while the only significant factor weighing against it appears to be the fact that Aeroquip happened to file suit here, instead of somewhere else.

First, the Court acknowledges the relative ease with which major corporations can transport information, materials and witnesses several thousand miles. *See, e.g., Pidcock v. Sunnyland America, Inc.,* 1987 WL 348873 *2, 1987 U.S. LEXIS 198, *4 (S.D.Ga.1987) ("Because usually many records or copies thereof, are easily transported, their location is not entitled to great weight."). That said, in this case the location of these things in California is noteworthy because of the contrasting lack of significant connections between this suit and Georgia. Deutsch is based in California, along with the persons who designed its version of the axial swaging tools and fittings, the facility that made them, and the company that owns the disputed patents. All that is in Georgia is a Deutsch sales representative, occasionally a Deutsch vice-president, and Gulfstream Corporation, which allegedly used a Deutsch axial fitting in a demonstration but never bought them.

These latter elements, especially Gulfstream, would be more important if Aeroquip itself had a significant presence in Georgia. It in fact has practically no presence in Georgia. Its home base is far away (Ohio), and Aeroquip can provide no evidence indicating that an action in California is less convenient to it than an action in Georgia. As previously stated, plaintiffs' choice of forum is due respect, but less so if the forum is home to no party to the suit. Such is the case here. The Court's conclusion is that while people and materials can always be sent to Georgia, those that are vital here are clearly based in California, and when contrasted with the lack of connection between Aeroquip and Georgia, this imbalance becomes probative of the propriety of transferring this case.

An action in California is clearly, on balance, more convenient to the parties, because Aeroquip will suffer negligible inconvenience and Deutsch will be greatly assisted thereby. The relative convenience to witnesses is disputed, but favors Deutsch. Since it is undisputed that practically all of its witnesses come from California, it makes no sense to require a specific showing as to each particular one. *See Katz,* 734 F.Supp. at 502 (moving party must make specific showing of inconvenience) (citing *J.I. Kislak Mortgage Corp. v. Connecticut Bank & Trust Co.,* 604 F.Supp. 346, 347 (S.D.Fla.1985)). Aeroquip has not shown any specific inconvenience to its Gulfstream or expert witnesses.

In addition, the interests of justice will not be disserved by transfer of this case. Despite Aeroquip's contentions to the contrary, this case will apparently suffer little or no delay in the California courts. Deutsch has submitted statistics from the Administrative Office of United States Courts showing that the California docket is moving as quickly as that of this Court. *See generally Koehring Co. v. Hyde Construction,* 324 F.2d 295, 296 (5th Cir.1963); *Fannin v. Jones,* 229 F.2d 368, 369–70 (6th Cir.) (per curiam), *cert. denied,* 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465 (1956). The Court also finds that ensuring the testimony of necessary witnesses is a factor, albeit a smaller one; apparently

Deutsch's only guarantee that important witnesses—Messrs. Moebius, Dickerson, and Bloomberg—will appear in this Court is the hearsay of Peter John's affidavit. Meanwhile, Aeroquip will have little difficulty getting its paid expert, the single Deutsch representative in Atlanta, or Gulfstream witnesses to California. to prosecute this suit.

### III.  Conclusion

Elements important to proper resolution of this case are based in California, including personnel, documents and exhibits. More importantly, neither Aeroquip nor the events important to this case have much to do with Georgia, and the expense of litigating here is not warranted. After a careful review of the pleadings and record, the Court **GRANTS** Defendant Deutsch's motion to transfer venue. Defendant's request for oral argument on this matter is **DENIED.**

SO ORDERED.